JONES, Justice.
This workmen’s compensation case comes from the Circuit Court of Alcorn County, which affirmed the finding of the Commission. We affirm.
There are two assignments of error, to-wit:
(1) Error in affirming finding that the employee had no pre-existing condition requiring apportionment.
(2) Error in affirming finding by Commission that employee was temporarily, partially disabled from October 12, 1964, through January 3, 1966.
Appellee sustained a back injury May 13, 1964, by falling down the stairs in her place of employment. The fourth lumbar disc was ruptured. (Prior to her injury she had been a hard worker and never endured any back trouble). She underwent surgery on June 25, 1964, at which time the fourth lumbar disc was removed.
Dr. Ogle, the surgeon who operated, discharged her as having reached maximum medical recovery on October 12, 1964, having a ten per cent residual disability.
At the suggestion of her doctor, she tried to work, returning October 26, 1964. She was not able to meet her production because of pain in her hip and back.
On January 5, 1965, Dr. Ogle urged her to return to work. She tried again in March with the same result as before.
Finally on January 18, 1966, the disc at the lumbar 5 level was removed surgically. She was again discharged as having reached maximum medical recovery on May 6, 1966, with disability rating increased from ten to twenty-five per cent.
Dr. Ogle established causal connection for the injury to the fourth lumbar disc with the fall. On this first operation, he examined the fifth lumbar disc and it appeared to be sound, having only the normal amount of degeneration usual to one of her age (41 years).
He also showed causal connection of the fifth lumbar disc with the accident, by the fact the removal of the fourth disc weakened support for the fifth.
The attorney-referee found total disability from May 14, 1964.
The Commission did not adopt the attorney-referee’s findings but ordered in accordance with its findings:
IT IS THEREFORE ORDERED that the employer and carrier herein pay compensation to the claimant as follows, with full credit allowed for compensation heretofore paid:
1. For temporary total disability at the rate of $33.33 per week for the periods of from May 13, 1964, until October 12, 1964, and from January 4, 1966, until May 6, 1966.
2. For temporary partial disability at the rate of $33.33 per week from October 12, 1964, through January 3, 1966.
*491 3. For permanent partial disability at the rate of $20.00 per week beginning May 6, 1966, and continuing for a period of 450 weeks or until $12,500.00 has been paid, whichever is lesser in amount, provided, however, that the total compensation provided herein for both temporary and permanent disabilities shall not exceed $14,500.00.
Appellant argues that having once found permanent partial disability, findings of temporary disability thereafter should not be made since it would prolong permanent payments on a subsequent finding of a new permanent disability.
The Commission has power, of course, to make its findings in accordance with the evidence. Jackson Ready-Mix Concrete & Western Casualty & Surety Co. v. Young, 236 Miss. 550, 111 So.2d 255 (1959). The order allowed credit for benefits paid.
As to apportionment, appellant relies on such cases as those involving arterio-sclerotic vascular disease. Arteriosclerosis is classed as a disease, (Southeastern Construction Co. et al. v. Dependent of Dodson, 247 Miss. 1, 153 So.2d 276 (1963)) or has passed the state of normalcy so that it interferes with blood circulation and eventually damages the heart. Medically it is defined as an “abnormal thickening and hardening of the walls of the arteries.” Webster’s International Dictionary (2d ed. 1950). The other cases cited by appellant involving an aneurysm and an injury to the leg could not be classed as “normal” conditions. Appellant also cites Dunn, Mississippi Workmen’s Compensation section 99, p. 131 (2d ed. 1967), from which we quote:
The apportionment section has a frequent application to heart cases since a heart attack is generally preceded by the development of a contributory disease, such as arteriosclerosis.
The apportionment statute provides for same in cases of physical handicaps, disease or lesion. Normal degenerative actions accompanying age cannot be classed as a “disease.” The evidence failed to show any handicap or lesion.
In the Dodson case, supra, it was held that the pre-existing condition must be shown by medical findings to be a material factor. No such finding was made in this case. The Dodson case sets out what must be shown.
The evidence here, presented by the only one who had seen the fifth lumbar prior to its removal, showed that it was normal, and the Commission accepted this evidence. The apportionment statute was not intended to cover those normal degenerative effects accompanying age.
Dunn, Mississippi Workmen’s Compensation section 52, page 59 (2d ed. 1967) says the statute covers abnormal physical conditions and those which may be referred to as infirmities. See also Larson, Workmen’s Compensation Law, Vol. 2, Section 59.20, pages 88-109 (1968).
The case is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, JJ., concur.