JACKSON READY-MIX CONCRETE, et al. *v.* YOUNG.

No. 41107          April 27, 1959          111 So. 2d 255

*Vardaman S. Dunn,* Jackson, for appellants.

*Pyles & Tucker,* Jackson, for appellee.

ON CROSS-APPEAL.

GILLESPIE, J.

On March 7, 1955, the claimant, appellee, injured his leg and thereby aggravated pre-existing varicose veins. An operation was required to remove the varicose veins. The employer and its compensation carrier, appellants, controverted the claim and after a hearing before the attorney-referee, that official held that the claim was compensable and ordered appellants to pay all necessary medical bills and to pay appellee compensation at the rate of $25 per week "for temporary total disability beginning said payments on March 9, 1955, and continue same so long as said disability exists", not to exceed the statutory maximum.

Appellants petitioned for review by the Workmen's Compensation Commission, and on September 22, 1955, the Commission affirmed the attorney-referee's award. Appellants appealed to this Court, which affirmed the order of the circuit court which had affirmed the order of the Commission. The judgment of this Court affirming the award adjudged that appellants and the surety on its supersedeas bond be "held and firmly bound for the faithful payment of the award appealed from, together with interest on any unpaid installment from the due date thereof until paid at the rate of 6 per centum per annum and all costs in this court and in the court below to be taxed, etc."

When the cause was remanded to the Commission on June 10, 1957, appellee filed a petition requesting the Commission to compute the amount of compensation, interest, and damages due and to require appellants to pay same, and to continue to pay weekly compensation benefits as it accrued. On the same date, appellants paid appellee the sum of $262.14, being weekly compensation benefits from March 9, 1955 to May 12, 1955, the date

of the attorney-referee's original award of compensation. Appellants have paid no other compensation to date. In response to appellee's petition, appellants, on June 13, 1955, made application to have the case listed as a controverted matter and for a hearing, "to determine as a matter of fact the continuance, if any, of temporary total disability; the date upon which claimant reached maximum recovery from medical treatment; the termination of temporary disability and the existence, if any, of permanent partial disability as a result of the accident." Appellants therein stated that on September 10, 1956, after affirmance of the award by the circuit court in the original appeal, appellants requested that claimant submit to medical examination, but the request was refused except on condition that the appellants accept liability and waive the right of further appeal and review. On June 15, 1957, appellants filed a motion requesting the Commission to order the appellee to submit to medical examination for the same purposes stated in the response just mentioned. In that motion, appellants stated that appellee, through his attorneys, took the position that appellee would not submit to medical examination until compensation payments were made up to the date of such examination.

The matter came on for hearing on these motions and petitions, and on August 26, 1957, the attorney-referee entered an order in which he held that the original award for temporary disability, from which the original appeal was prosecuted, was a continuing order, and that upon affirmance thereof by the Supreme Court, appellants became liable for payment of compensation until such time as appellants took affirmative action to place the matter in a controverted status before the Commission. It was thereupon ordered that appellants pay compensation under the original order of the attorney-referee dated May 12, 1955, to June 13, 1957, the date appellants filed their motion for medical examination and a hearing. Appellants appealed to the full Commission, which affirmed

the attorney-referee by order entered November 14, 1957. Appellants then appealed to the circuit court, which affirmed the Commission, from which order the case was brought to this Court.

The question is whether upon affirmance of an award of compensation for temporary total disability there is conclusive presumption that temporary total disability continued to exist during the time intervening between the date of such award and the time when this Court affirms the award. Or, to put it differently, does the employer and carrier, upon affirmance of an award for compensation for temporary total disability, have to pay weekly benefits during the pendency of the appeal regardless of whether the disability in fact existed?

Section 6998-09, Mississippi Code of 1942, provides that in case of disability total in character, but temporary in quality, compensation "shall be paid to the employee during the continuance of such disability" not to exceed the maximum amount allowed under the statute.

Section 6998-27 provides as follows: "Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate

shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the commission.''

This statute authorizes the Commission to increase or decrease awards prospectively and retroactively. It gives the Commission broad powers in adjusting awards by terminating, continuing, reinstating, increasing, decreasing, or awarding compensation. It should be noted that in no event may an employee be required to repay compensation once it is paid to him, but if any compensation remains unpaid, an order may be made decreasing compensation retroactively, in which case the amount paid prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation.

Section 6998-26, dealing with appeals, provides in part that, ''No controversy shall be heard by the commission or an award of compensation made therein while the same matter is pending either before a Federal Court or in any court in this state.''

It should be emphasized that there has never been an adjudication that appellee is permanently disabled. The only way this could be determined is by a hearing after medical examination, if the Commission determines that a medical examination is necessary and reasonable. If there had been an adjudication that appellee is permanently disabled, there would be a presumption that such disability continued until the Commission, upon appropriate hearing, determined otherwise. ''A disability once found to exist will be presumed to continue until the contrary is shown, but a temporary total disability is not presumed to continue indefinitely.'' 100 C. J. S., Workmen's Compensation, Section 514, page 471. In Ross v. Ross, 184 Okla. 626, 89 P. 2d 338, it was held that there was no presumption that temporary disability continued for a period of ten months after the hearing where his temporary total disability was established.

In Reyer v. Pearl River Tung Co., et al., 219 Miss. 211, 68 So. 2d 442, the Commission denied claimant's contention that she was disabled except for five weeks following the injury on December 19, 1949. This Court reversed the Commission, saying that "the evidence showed conclusively that Mrs. Reyer was disabled, and, therefore, was not only entitled to compensation for the five-week period, but also for each week thereafter at $10.00 a week to the date of hearing, *and is likewise entitled to such amount weekly thereafter, during the continuance of her disability, as provided by law.*" (Emphasis added). Essentially the same order was entered in the present case, except that in the Reyer case this Court entered the order that should have been entered by the Commission. The Court there ordered done what appellants sought to have the Commission do in the present case when they filed the petition on June 13, 1957. In the Reyer case, the Court made the following statement, which is significant on the issue before us: "The record does not, and could not, show whether this disability has continued. Consequently, the cause is remanded so that the Commission may determine the question in accordance with development since July 25, 1951," the date of the hearing.

When this cause was remanded to the Commission after affirmance by this Court, more than two years had elapsed since the hearing at which his temporary disability was established. During this time, the Commission could not hear any matter to determine the status of appellee's disability, if any. It could not pass upon the reasonableness of appellants' request made in September 1956, that appellee submit to medical examination. It had no jurisdiction.

■■ ■ Since there is no presumption that temporary total disability continued for this period of time, the Commission should have sustained appellant's petition for a hearing filed June 13, 1957, and ordered a medical

examination of appellee, if necessary and reasonable, so as to determine, as a matter of fact, whether the appellee had reached maximum recovery, and if so, when, and whether appellee was permanently disabled, and if so, from what date and to what extent. ▮▮ Appellants, in exercising their statutory right to appeal from the original award, are not required under the statutes to pay compensation for temporary total disability during the pendency of the appeal if it should be determined as a matter of fact that appellee was not disabled during any part of that time. Cf. Reyer v. Pearl River Tung Co., supra.

▮▮ A hearing on appellant's petition and motion after remand of the cause to the Commission would have determined the facts. It should have been held. The Commission was not justified in requiring, as a condition precedent to appellant's right to such hearing, that they pay compensation up to June 1, 1957. 101 C. J. S., Workmen's Compensation, Section 857, page 248.

We are of the opinion, however, that the Commission should have required payment of compensation to September 22, 1955, the date of the full commission affirmed the original award of the attorney-referee. The Commission is the agency which makes the award. The attorney-referee is a mere facility of the Commission.

Our decision on direct appeal settles all questions raised on cross-appeal. For the reasons stated, the cause is reversed and remanded to the Commission for further proceedings consistent herewith.

Reversed and remanded on direct appeal; affirmed on cross-appeal.

All justices concur.