308 So.2d 232 (1975)
Billy Dale ROBERTS
v.
JUNIOR FOOD MART and American Motorists Insurance Company.
No. 47894.
Supreme Court of Mississippi.
February 17, 1975.
Rehearing Denied March 10, 1975.
*233 Pyles, Tucker & Cupit, Jackson, for appellant.
Butler, Snow, O'Mara, Stevens & Cannada, Dan McCullen, Jackson, for appellees.
Before GILLESPIE, INZER and BROOM, JJ.
BROOM, Justice:
Workmen's compensation benefits were awarded claimant (appellant) by the attorney *234 referee, affirmed by the Workmen's Compensation Commission, and then reversed by the Circuit Court of Hinds County, First Judicial District. The basis of the lower court's ruling was its finding that appellant was not injured in the scope of his employment. We reverse.
The chief issues are:
(1) Was there substantial evidence in support of the commission's finding that claimant was injured in the scope of his employment with Junior Food Mart?
(2) Did the commission err in requiring claimant to submit to a medical examination to be conducted subsequent to its award of benefits?
(3) Was there sufficient notice of injury given by claimant to his employer?
On June 13, 1968 and July 25 or 28, 1969, claimant sustained successive injuries to his back while employed at Universal Manufacturing Company. Dr. Warner performed surgery on claimant on November 6, 1968, and February 11, 1969, and after the second surgery claimant was diagnosed as cured. On December 1, 1969, claimant was employed as manager of a Junior Food Mart, convenience store, with the store management having knowledge that he could not do heavy work because of his disability. Accordingly, he was instructed by management officials not to do heavy work but to clerk and keep up the stock.
On July 5, 1970, claimant received his third back injury and called his supervisor, Mr. Merchant, and requested relief. When Merchant came to the store claimant was crying because of back pain. According to claimant he told Merchant he needed to go to the doctor, and that he had injured his back while lifting cases and rearranging the cooler as instructed. He stated that Merchant told him to go to the doctor of his choice and "get his back fixed." Merchant, however, claims that claimant did not tell him that he had injured his back, but that claimant was crying about his back when he arrived. He stated that he did not question the claimant or Mrs. Roberts about why claimant was crying.
Claimant went to University Hospital after leaving the store and received a shot for his pain. On July 8, 1970, claimant was admitted to University Hospital, but the next day was discharged for lack of funds. Dr. Andy, the physician who attended him in July, stated that claimant had sustained an injury to his fifth vertebra or a ruptured disc. Dr. Andy had been treating claimant since May 4, 1970, but considered his condition worse in July with an injury specifically to the number five vertebra. His opinion was that the injury was an aggravation of a preexisting injury, and that claimant needed surgery to the number five vertebra.
On the Tuesday following the 5th, claimant met with Glenn Deweese, President of Junior Food Marts, and Merchant, and requested that he be allowed to return to work. His request was denied, according to Deweese and Merchant, because of his back problem. Deweese stated that to his knowledge claimant never mentioned his injury to him or requested medical aid.
Medical reports were presented and received as evidence concerning claimant's condition dating from his initial injury in 1968. These included reports following the July 5, 1970 episode. Generally, the reports showed that claimant had received various treatments for his back since 1968, and that his condition now was an injury to vertebra five or a ruptured disc.

I.
The general rule is that the Workmen's Compensation Commission is the trier of facts, as well as the judge of the credibility of the witnesses, and a finding of the commission supported by substantial evidence should be affirmed by the circuit court. Miss. Code Ann. § 71-3-51 (1972); V. Dunn, Mississippi Workmen's *235 Compensation §§ 286, 289 (2d ed. 1967); Fortune Furn. Co. v. Sullivan, 279 So.2d 644 (Miss. 1973); Hemphill Drug Co. v. Mann, 274 So.2d 117 (Miss. 1973). All questions of law and fact are reviewable by the circuit judge but he may not pass on the weight of the evidence where it is sufficient to support the commission's order. In reviewing a case, the court is required to look at all the evidence on both sides. Harpole Bros. Constr. Co. v. Parker, 253 So.2d 820 (Miss. 1971).
The evidence in this case substantially supports the attorney referee's findings as well as the commission's order, and, therefore, it was error for the circuit court to reverse the commission's order and find that appellant was not injured in the scope of his employment.

II.
Argument of the appellees (cross-appellants, employer and carrier) is that the Workmen's Compensation Commission erred in requiring appellant to submit to medical examination after and not prior to making the award in favor of appellant. An employee may be required to submit to examination by a physician of the commission's choice. Dunn, supra, § 343; Mississippi Workmen's Compensation Act § 7(b), 13(a); Miss. Code Ann. § 71-3-15 (1972). The commission's powers are considered to be "broad and extensive" and used for the purpose of "finding the facts and properly protecting the rights of all parties." Dunn, supra, § 343; see also, Everitt v. Lovitt, 192 So.2d 422 (Miss. 1966). Although section 7 of the act, supra [Miss. Code Ann. § 71-3-15 (1972)], authorizes the commission to order a claimant to submit to an examination, it does not set forth the time for such examination.
An employer-carrier's request for an examination may be properly denied or granted by a commission within its sound discretion. Everitt, supra. Additionally, where there is sufficient medical evidence to support an award, the commission may make an award without first requiring that the claimant have another examination. See, 100 C.J.S. Workmen's Compensation § 484, at 417 (1958); see generally, Deitch v. Ushco Mfg. Co., 274 App.Div. 1078, 85 N.Y.S.2d 529 (1949).
The commission's order that appellant, complainant, be examined by Dr. Bowlus was given after it had affirmed the findings of the attorney referee which held that the employer-carrier was liable for the injury to the claimant. Payment for total disability was to extend until the claimant reached "maximum medical improvement and his permanent disability, if any, shall have been evaluated." Dr. Bowlus' examination would likely be useful in determining when the payments could be stopped or when the disability should be reevaluated. In requiring the examination, the commission acted within its discretion and did not err. It should be noted that the employer-carrier was neither prohibited from presenting evidence concerning claimant's injury or condition, nor was there a prohibition against calling as a witness Dr. Bowlus or any other doctor.

III.
This Court follows the general rule that "knowledge by the employer that a disabling injury or even an illness has occurred, followed by failure to provide medical services, is sufficient to impose liability upon the employer for medical services selected by the employee." Dunn, supra, § 341 at 471. The emphasis is on the knowledge of the injury and the duty of the employer to ascertain the need for medical attention. Dunn, supra, § 341 at 472. See also, Central Elec. & Machine Co. v. Shelton, 220 So.2d 320, 324 (Miss. 1969).
In this case the evidence showed that John Merchant, Supervisor of a Junior Food Mart store, was notified that *236 Roberts required relief. The evidence was in dispute as to whether Roberts specifically stated that he requested medical assistance; however, both Roberts and Merchant stated that Merchant told him to get his back "fixed." The employer made no further inquiry to ascertain whether Roberts had sustained an injury on his job, and made no investigation to determine why Roberts was crying and why he needed relief. We rule that the employer received sufficient notice that an injury or a condition existed which required medical assistance. The commission was not manifestly wrong in determining that Roberts was injured on the job and that his injury was compensable.

IV.
We note that no adjudication has been made as to whether or not appellant is permanently disabled relative to his injury which occurred during his employment with the employer, Junior Food Mart. Such a determination obviously cannot be made except by a hearing after a medical examination. Had there been an adjudication that appellant's disability was permanent, there would be a presumption that the disability continued until determined otherwise by the commission at a hearing. Now, however, approximately two and one-half years have passed since the commission adjudicated that temporary disability was established for which compensation was payable.
This situation is to be dealt with in accordance with the rationale of Jackson Ready-Mix Concrete v. Young, 236 Miss. 550, 111 So.2d 255 (1959), which recognized the rule that a temporary total disability is not presumed to continue indefinitely. Following our decision in Jackson Ready-Mix Concrete, supra, after appellant submits to the appropriate physical examination, the commission will determine as a matter of fact whether the appellant has reached maximum medical recovery and, if so, when, and also determine whether appellant was permanently disabled on account of his injury while working for Junior Food Mart and, if so, from what date and to what extent. As held in the cited case, the cross-appellants (carrier and employer) had a statutory right to appeal from the original award and "are not required under the statutes to pay compensation for temporary total disability during the pendency of the appeal if it should be determined as a matter of fact that appellee (claimant) was not disabled during any part of that time." In accordance with the commission's order dated September 6, 1972, which we affirm as to liability, appellees shall pay appellant compensation to that date on which the full commission affirmed the original award of the attorney-referee.
The cause is reversed on direct appeal, affirmed on cross-appeal, and remanded to the commission for further proceedings consistent with this opinion.
Reversed and remanded on direct appeal; affirmed on cross-appeal.
RODGERS, P.J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.