388 So.2d 494 (1980)
SOUTHERN NATURAL RESOURCES, INC. and St. Paul Fire & Marine Insurance Company
v.
Oscar R. POLK.
No. 52191.
Supreme Court of Mississippi.
October 1, 1980.
William M. Dalehite, Jr., Steen, Reynolds, Dalehite & Currie, Jackson, for appellants.
Thomas J. Riley, Barefield, Riley & Evans, Hattiesburg, for appellee.
Before SUGG, LEE and BOWLING, JJ.
SUGG, Justice, for the Court:
This is a workmen's compensation case appealed from the Circuit Court of Jefferson Davis County. The only question considered on this appeal is whether an appeal may be taken from an interlocutory order of the Workmen's Compensation Commission.
In this case the Administrative Judge awarded claimant temporary partial disability benefits until "such time as his condition becomes static and his present disability, if any, is evaluated subject to the limitations of the act." Upon review by the Commission, two members[1] of the Commission were of the opinion that the order of the Administrative Judge was substantially correct in fact and in law except the award of continuing temporary partial disability benefits. An order was entered remanding the claim to the administrative judge for further *495 hearing. The order provided, in part, the following:
In order to expedite the conclusion of this cause and thereby avoid additional delay and expense, the Majority Members of the Commission remand this cause to the Administrative Judge for further hearing. The Majority Members of the Commission desire that a complete determination of all issues which have been raised in this cause be made by the Administrative Judge; specifically, that relating to claimant's date of maximum medical recovery, and existence and degree, if any, of permanent disability. Further, claimant's loss of wage-earning capacity, if any, is to be ascertained.
Section 71-3-51, Mississippi Code Annotated (1972) provides in part the following:
The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.
In St. Regis Paper Co. v. Lee, 249 Miss. 537, 163 So.2d 250 (1964), we reversed a judgment of the Circuit Court because the order of the Commission which was appealed to the Circuit Court was an interlocutory order and not appealable.
In Dunn, Mississippi Workmen's Compensation, section 285 (2d ed. 1967), the author states:
To be appealable, the order of the Commission must be a final order. Thus, where the Commission, on review of a decision of its referee, enters an order remanding the case to the referee for further proceedings or testimony, the order is interlocutory only and is not appealable.
We reaffirm the holding in St. Regis Paper Co. v. Lee, supra, and hold that an interlocutory order entered by the Workmen's Compensation Commission is not appealable. We therefore reverse and remand to the Commission so that its order directing the Administrative Judge to hold a further hearing may be complied with. After a final award, if any, by the commission, either party may appeal from such final order.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
PATTERSON, C.J., took no part.
NOTES
[1] One Commissioner filed a dissenting opinion in which he expressed his view that claimant was not entitled to compensation.