397 So.2d 897 (1981)
Bev ALT
v.
CITY OF BILOXI.
No. 52610.
Supreme Court of Mississippi.
May 6, 1981.
*899 Sue Esther Dulin, Tommy Dulin, Dulin & Dulin, Gulfport, for appellant.
Paul J. Delcambre, Jr., Page, Mannino & Peresich, Michael B. McDermott, Biloxi, for appellee.
Before SMITH, P.J., and LEE and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
This case originated in the Municipal Court of the City of Biloxi. Appellant, Bev Alt, was arrested on June 5, 1979 for violating an ordinance of the City of Biloxi, adopted under its police power, regulating vendors operating in the strip of public beach of the city, lying between U.S. Highway 90 and the Gulf of Mexico.
In the Municipal Court Alt entered a plea of nolo contendere and was found guilty. From his conviction, he appealed to the County Court of Harrison County. In that court, following a trial de novo, he was again convicted and sentenced to pay a fine of $300, all of which was suspended. From that conviction, he appealed to the Circuit Court of Harrison County, where the case was heard on the record and Alt's conviction and sentence affirmed.
Alt now seeks to maintain an appeal to this Court, assigning as error:
1. The trial court committed error by refusing to hold Biloxi Municipal Ordinance 1229 unconstitutional or otherwise invalid.
2. The trial court committed error in refusing to grant him a judgment notwithstanding the verdict or a new trial.
Mississippi Code Annotated section 11-51-81 (1972) provides in part:
All appeals from courts of justices of the peace, special and general, and from all municipal courts shall be to the county court under the same rules and regulations as are provided on appeals to the circuit court... . And from the final judgment of the county court in a case appealed to it under this section, a further appeal may be taken to the circuit court on the same terms and in the same manner as other appeals from the county court to the circuit court are taken: ... [P]rovided further that there shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court. [Emphasis added].
While the record does not reflect that a request was made to the circuit court judge by Alt for leave to appeal to this Court or by him rejected, Alt's motion for permission to file an appeal was sustained by a justice of this Court under the provisions of the above statute.
Appellee has moved to dismiss the appeal upon the ground that, although permission to file has been granted, the case is not one in the determination of which "a constitutional question be necessarily involved."
Thus, the threshold question is whether the appeal falls within the exception set out in the statute and is a case in the determination of which "a constitutional question be necessarily involved."
On his appeal from the County Court to the Circuit Court of Harrison County Alt assigned as error for reversal several "constitutional" grounds. However, by filing *900 what he terms an "England certificate"[1] Alt informed the circuit court that he withdrew these questions from determination by the circuit court, "reserving" them for federal court.
In Alt's appeal brief, he devotes only some twenty lines to his proposition "Constitutional Grounds." In this section of his appeal brief, Alt cites no case or other authority and there are no references in it to pages in the record or in the abstract relating his constitutional objections to the facts or circumstances of the case or to the provisions of the ordinance complained of. Clearly, it was not intended that these questions be submitted to the circuit court and they were not. Apparently, judging from Alt's appeal brief, they were deliberately not briefed seriously in his purported appeal here so as to present them for decision by this Court. It is the fixed policy of this Court not to issue advisory opinions.
An appellant to this Court from the circuit court may not, by refusing or neglecting to present his objections and have them passed upon by the circuit court, thus bypass that court and present them here for the first time.
In his appeal brief in this Court, Alt asserts: "Appellant has presented these grounds to the federal court by filed complaint. The federal court is abstaining pending the outcome of this decision in the event this decision would eliminate the need to litigate the matter to a conclusion in federal court."
The record, however, names no specific federal court, is devoid of copies of pleadings or orders of any federal court, and contains no other information relating to the "filed complaint." There is in the record no copy of an order of a federal court "abstaining" in the premises of the case. The certificate filed in the circuit court was as follows:
ENGLAND CERTIFICATE
RESERVATION TO THE DISPOSITION OF THE ENTIRE CASE BY THE STATE COURT
Comes now the Appellant, Bev Alt, by and through his attorney, Tommy Dulin, and hereby informs the Court that he is exposing his federal claims to the Court only for the purpose of complying with Government and Civic Employees Organizing Committee v. Windsor, 343 [353] U.S. 364, 77 S.Ct. 838 [1 L.Ed.2d 894], and that the Appellant herein intends, should this Court hold against him on the question of state law, to return to the District Court for disposition to his federal contentions. [Emphasis added].
In keeping with this, Alt did not submit to the circuit court judge any of his so-called "constitutional" grounds, as set out in his assignments of error on his appeal to that court, but effectively withdrew such questions from that court's consideration.
This is a criminal prosecution. Alt has been tried and found guilty, has twice appealed and his conviction affirmed. We can only conclude that there has been a misapprehension as to the application of the "England" rule.
The abstention doctrine is explained in 20 Am.Jur.2d Courts section 14 (1965) as follows:
Where a party has a choice between state and federal courts and chooses the federal court, the federal court may, under the doctrine of abstention, order a stay of proceedings, on the ground that if unsettled questions of state law are first decided, the settlement of those questions might end the controversy, and that therefore the decision of the federal questions involved should be deferred until the state law questions are decided in a state court. Such abstention does not involve abdication of federal jurisdiction, but only the postponement of its exercise. It does not interfere with the right of a *901 plaintiff, who has the option between federal and state jurisdiction, to choose the federal jurisdiction; nor does it preclude a litigant, remitted to the state court for decision of the state law issue, from returning to the federal court for determination of the federal questions, unless he has waived this right. [Emphasis added].
To preserve the right to return to the Federal Court for the resolution of federal constitutional issues a litigant must file an England certificate. The certificate procedure was derived from the United States Supreme Court decision in England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). In that case the Court ruled that a party in the state court may reserve a decision on his federal constitutional claim for the federal court by informing the state court that he is exposing his federal claims only as a matter of information, and that he intends to return to the federal courts for disposition of the federal constitutional claims. Id. at 421-422, 84 S.Ct. at 468, 11 L.Ed.2d at 447.
It is clear that this type of abstention is applicable in civil cases only and is to be invoked by the federal court, not by the parties.
In criminal cases, the United States Supreme Court has held that a federal court must not intervene either by injunction or declaratory judgment in a pending state criminal prosecution in the absence of extraordinary circumstances showing a threat of irreparable injury which is both great and immediate. Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
The case against Alt is a criminal prosecution. The filing of the England certificate by the defendant was clearly in error since abstention is a doctrine only appropriate in civil cases. This is a criminal, not a civil case, Alt, being prosecuted in state court for an alleged criminal offense, is not a party who had "a choice" between state and federal courts and who chose the latter. Nor has he a right, in such a situation, to "reserve" from the court having jurisdiction of his prosecution all constitutional questions.
It is apparent, moreover, that this is not a case falling within the statutory exception wherein cases originating in municipal court, appealed to the county court and there tried de novo, and from thence appealed to the circuit court, and by that court affirmed, may then be appealed to this Court as a case in which a constitutional question is "necessarily involved."
Section 146 of the Mississippi Constitution provides:
The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals.
In Nationwide Mutual Insurance Company v. Tillman, 249 Miss. 141, 157, 161 So.2d 604 (1964) the rule was stated thus: "... [W]e are tempted to consider the other grounds in the assignment of error, but to do so would terminate a long-established rule of law which has long been recognized by this Court, namely, that if the lower court does not have the opportunity and right to pass upon the errors alleged to have been committed therein, we will not here for the first time consider those errors." See also Seaney v. Seaney, 218 So.2d 5 (Miss. 1969), A.H. George And Co. v. Louisville & N.R. Co., 88 Miss. 306, 40 So. 486 (1906).
To the same effect, see Humble Oil & Refining Co. v. Martin, 298 F.2d 163 (1961), rehearing denied 301 F.2d 313 (1962), cert. denied, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962), wherein it was held that questions not presented to or not passed upon by the trial court will not be considered on appeal.
We have no way of knowing what type of "complaint filed" which Alt asserts he has in a federal court, but this is a criminal case, begun and concluded in state court, and not properly a subject for the "England" procedure, incidentally, a procedure criticized by writers and judges, even in civil cases where applicable, as unacceptably *902 postponing a final decision of controversies and requiring a duplication of both effort and expense.[2] In our view, no federal constitutional question has been preserved so as to be subject for review by this Court. Therefore, we hold that this is not a case in the determination of which a constitutional question is necessarily involved and therefore an appeal to this Court is precluded by the provisions of section 11-51-81, cited earlier in this opinion.
This being so, questions of statutory state law are not properly before us, and the appeal should be dismissed. Therefore, the motion to dismiss the appeal is sustained and the appeal dismissed.
MOTION TO DISMISS APPEAL SUSTAINED AND APPEAL DISMISSED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).
[2] See C. Wright, Law of Federal Courts § 52 at 220-21 (3rd ed. 1976); Field, Abstention in Constitutional Cases: The Scope of the Pullman Abstention Doctrine, 122 U.Pa.L.Rev. 1071, 1084-1090 (1974).