592 So.2d 96 (1991)
Ivory L. BICKHAM
v.
DEPARTMENT OF MENTAL HEALTH and Commercial Union Insurance Company.
CRAIG-WILKINSON, INC. and Maryland Casualty Company
v.
Charles C. SPANN.
Nos. 89-CC-1022, 89-CC-0516.
Supreme Court of Mississippi.
December 18, 1991.
*97 James W. Craig, Jackson, for appellant in No. 89-CC-1022.
Kenneth G. Perry, Shell Buford Bufkin Callicutt & Perry, Jackson, for appellee in No. 89-CC-1022.
Donald V. Burch, John S. Gonzalez, Daniel Coker Horton & Bell, Jackson, for appellant in No. 89-CC-0516.
Roger K. Doolittle, Thomas J. Lowe, Jr., for appellee in No. 89-CC-0516.
En Banc.
HAWKINS, Presiding Justice, for the Court:
We consolidate these appeals because they are being dismissed for lack of jurisdiction and the causes remanded to the Mississippi Workers' Compensation Commission.
In Bickham v. Department of Mental Health and Commercial Union Insurance Company, the circuit court of Rankin County granted an appeal from an interlocutory order of the Commission referring an old claim sought to be reopened to the administrative law judge for determining whether the claimant had experienced a change of conditions such that she should be allowed to reopen her claim.
In Craig-Wilkinson, Inc. and Maryland Casualty Company v. Charles C. Spann, the Commission reopened a claim upon which a Section 9(i) settlement had been made, Miss. Code Ann. § 71-3-29 (1972), as authorized under Miss. Code Ann. § 71-3-53 (1972), Section 21 of the Act, and referred the matter to the administrative law judge for a hearing to determine whether there had been a change in the claimant's condition authorizing reopening the claim, and other proceedings "to determine whether the claim is compensable as well as all other relevant issues." The circuit court of the First Judicial District of Hinds County granted an appeal from this order.
Clearly in both cases, the orders were not final, but interlocutory.
There is no statute authorizing an appeal from anything other than a final order of the Commission. The only right of appeal from the Commission is that given by Miss. Code Ann. § 71-3-51, which authorizes an appeal to the circuit court from "the final award of the commission."
Relying upon this Court's decisions, Dunn wrote: "To be appealable, the order of the commission must be a final order." Dunn, Mississippi Workers' Compensation, § 285 (3rd ed. 1982). Southern Natural Resources, Inc. v. Polk, 388 So.2d 494 (Miss. 1980); St. Regis Paper Co. v. Lee, 249 Miss. 537, 163 So.2d 250 (1964).
A right of appeal is statutory. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312-13, 77 L.Ed.2d 987, 993 (1983); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); St. Louis, I.M. & S. Ry v. Taylor, 210 U.S. 281, 28 S.Ct. 616, 52 L.Ed. 1061 (1908); McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894); Ex Parte Yerger, 75 U.S. 85, 8 Wall. 85, 19 L.Ed. 332 (1868); The "Francis Wright," 105 U.S. 381, 15 Otto. 381, 26 L.Ed. 1100 (1882); Sheldon v. Sill, 49 U.S. (8 How.) 441, 12 L.Ed. 1147 (1850); Wiscart v. D'Auchy, 3 U.S. (3 Dall.) 321, 1 L.Ed. 619 (1796); City of Mound Bayou v. Johnson, 562 So.2d 1212, 1221 (Miss. 1990) (Hawkins, P.J., dissenting); Fleming v. State, 553 So.2d 505, 506 (Miss. 1989); Barrett v. State, 491 So.2d 833, 833 (Miss. 1986); Sanford v. Board of Sup'rs, Covington County, 421 So.2d 488, 490-91 (Miss. 1982); Alt v. City of Biloxi, 397 So.2d 897, 901-902 (Miss. 1981); Bennett v. State, 293 So.2d 1, 3 (Miss. 1974); State v. Ridinger, 279 So.2d 618, 620 (Miss. 1973); Gaughf v. City of Jackson, 243 Miss. 50, 53, 137 So.2d 190, 190 (1962); Bradley v. Holmes, 242 Miss. 247, A250, 134 So.2d *98 494, 495-96 (1961); McMahon v. Milam Mfg. Co., 237 Miss. 676, 679, 115 So.2d 328, 330 (1959); Wells v. State, 201 Miss. 249, 251, 29 So.2d 119 (1947); State v. Warren, 197 Miss. 13, 16, 19 So.2d 491, 491 (1944); Keeton v. State, 197 Miss. 11, 12, 19 So.2d 477, 477 (1944); J.R. Watkins Co. v. Guess, 196 Miss. 438, 443, 17 So.2d 795, 796 (1944); Craig v. Barber Bros. Contracting Co., 190 Miss. 182, 187, 199 So. 270, 272 (1940); Worley v. Pappas, 161 Miss. 330, 332, 135 So. 348, 349 (1931); Shapleigh Hardware Co. v. Brumfield, 159 Miss. 175, 179, 130 So. 98, 98-99 (1930); McClanahan v. O'Donnell, 148 Miss. 478, 490, 114 So. 336, 338 (1927); State v. Poplarville Sawmill Co., 119 Miss. 432, 441, 81 So. 124, 127 (1919); Bridges v. Board of Supervisors of Clay County, 57 Miss. 252, 254 (1879); Dismukes v. Stokes, 41 Miss. 430, 432-33 (1867); Steele v. Shirley, 9 S. & M. (17 Miss.) 382 (1848). A circuit court has no authority to judicially create a right of appeal from an administrative agency in the absence of clear statutory authority therefor.
The judgments of the circuit courts, emanating from appeals from interlocutory orders of the Commission, are nullities. McMahan, et al., Trustees, Etc., v. Adult Membership Bds. of Phi Kappa, Dusty and Debs Clubs, 244 Miss. 692, 146 So.2d 359 (1962).
The circuit courts never having acquired jurisdiction, it follows this Court has no jurisdiction to hear these appeals. McMahan, supra; Ainsworth v. Blakeney, 227 Miss. 544, 86 So.2d 501 (1956); McCoy v. McRae, 204 Miss. 309, 37 So.2d 353 (1948); J.R. Watkins Co. v. Guess, 196 Miss. 438, 17 So.2d 795 (1944); Mississippi State Highway Dept. v. Haines, 162 Miss. 216, 139 So. 168 (1932); Welch v. Bryant, 157 Miss. 559, 128 So. 734 (1930); Johnson v. Marshall, 48 So. 182 (Miss. 1909); Ball, Brown & Co. v. Sledge, 82 Miss. 747, 35 So. 214 (1903).
This Court erred in Sonford Products Corp. v. Freels, 495 So.2d 468, 471 (Miss. 1986), in which we held that a circuit court could under certain circumstances grant an interlocutory appeal, and its holding to this effect is overruled.
The extended time in which it takes to finally determine and conclude workers' compensation cases has long been a serious concern of the judiciary, especially this Court. Counsel for litigants and circuit judges should eschew any attempt to appeal a decision of the Commission which is not final.
APPEALS DISMISSED; CAUSES REMANDED TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION TO PROCEED UNDER ITS ORDERS.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and BANKS and McRAE, JJ., concur.
ROBERTSON, J., dissents with separate opinion joined by PRATHER, SULLIVAN and PITTMAN, JJ.
ROBERTSON, Justice, dissenting:

I.
The Mississippi Workers' Compensation Act was enacted in 1948, and, in the forty-three years since that time, we have routinely allowed piecemeal appeals. We have done this because such appeals have been authorized by the Act. They inhere in the legal and procedural structure the Legislature created. The realities of the phenomena the Act regulates render such appeals a practical necessity.
In Sonford Products Corp. v. Freels, 495 So.2d 468, 471 (Miss. 1986), we scuttled the sophistry and settled on the conventional legal label  "interlocutory appeal"  and matters continued apace without inconvenience beyond our competence to correct, so much so that no party in either of these cases (or in any other workers' compensation appeal I can recall, pre- or post-Sonford Products) has suggested we abandon our forty-three-year-old recently renamed appellate process. I am at a loss to understand what impels today's majority ex cathedra and sua sponte to pursue such a course.

*99 II.

A.
These consolidated appeals concern two claimants' petitions to the Mississippi Workers' Compensation Commission that they be allowed to "reopen" their claims. The law allows the Commission to entertain such applications, albeit on limited grounds, and, thereafter, should the facts and circumstances and law require, to
issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
Miss. Code Ann. § 71-3-53 (Supp. 1991). What the statute makes apparent is that separate and independent predicate questions must be faced and finally decided before the matter of entering a new order is reached. The Commission, upon its own initiative or upon the application of a party, must find that there has been "a change in conditions" or that there has been "a mistake in a determination of fact." I see no reason why interlocutory appeals should not be allowed from an order on these predicate matters on the same limited terms and conditions so routinely employed heretofore elsewhere within the compensation process. The majority certainly offers no such reason.
To be sure, reopening of claims under Section 71-3-53 has been relatively rare, at least in this Court's experience. A sensitive review of the statutorily authorized and settled practice of piecemeal appeals in analogous features of the compensation process make clear why the present appeals lie within our jurisdiction. Consider a typical compensation claim ab initio. A worker is injured. The employer and carrier move to controvert. Questions may arise whether the "employer" has five or more employees, Miss. Code Ann. § 71-3-5 (1972), whether he is an "employer" or an independent contractor, Miss. Code Ann. § 71-3-3(r) (1972), whether the injury is one "arising out of and in the course of employment," Miss. Code Ann. § 71-3-3(b) (1972), whatever. If the Commission rules against the claimant on any of these issues, of course the claimant may appeal to the Circuit Court, Miss. Code Ann. § 71-3-51 (1972), and ultimately to this Court. The converse is similarly so. If the Commission rules for the claimant on issues such as these, employer and carrier may appeal immediately, even though there has been no final award. Such orders are inherently interlocutory, in that they make no final award and invariably remand to the administrative judge, inter alia, to await maximum medical recovery and assess permanent disability, if any. The Act implicitly accepts this interlocutory process when it provides such appeals shall not act as supersedeas unless the court to which the appeal is taken shall so direct, and then upon such terms as the court may direct. Miss. Code Ann. § 71-3-51 (1972).
Orders like this are interlocutory in the sense today's majority considers that term. But orders on the contested compensability grounds have always been held appealable on those issues. The reason this is and must be so is that maximum medical recovery, permanent disability, and related issues may not be susceptible of resolution for several years. Furthermore, since the temporary benefits are not in practice recoverable should compensability be ultimately denied, a delayed appeal on compensability grounds would be of no practical benefit to the employer and carrier.
All of this accords with our four decade experience with the Act. That experience abounds uninterruptedly with instances where we heard interlocutory appeals in workers' compensation cases. In the 1980s we find Miller Transporters, Inc. v. Guthrie, 554 So.2d 917, 918 (Miss. 1989). The Commission had entered an interlocutory order rejecting the employer and carrier's defense that the claimant's injury occurred outside the scope of his employment, awarded temporary total disability benefits, and directed that claimant be evaluated by Dr. James L. Hughes, orthopedic surgeon, while awaiting maximum recovery. Employer and carrier appealed this interlocutory order to the Circuit Court of Lowndes County and, after affirmance there to this Court, whereupon we addressed the merits without apparent concern *100 that the Commission had never made a final award.
In the 1970s we find, for example, Roberts v. Junior Food Mart, 308 So.2d 232 (Miss. 1975). The Commission entered an interlocutory order awarding temporary benefits and ordering that claimant be examined and his condition evaluated by a Dr. Bowlus. Employer and carrier appealed, arguing the injury was not work connected and that claimant had not given sufficient notice of injury to his employer. The appeal of this interlocutory order ultimately made its way to this Court, which addressed the merits of the issues tendered, though noting
that no adjudication has been made as to whether or not appellant is permanently disabled relative to his injury.
Roberts, 308 So.2d at 236.
A representative 1960s case where we heard an interlocutory appeal is Reading & Bates, Inc. v. Whittington, 208 So.2d 437 (Miss. 1968). The Commission held the claim compensable, denying the employer and carrier's intoxication defense, and allowed temporary partial disability benefits. The evidence showed the claimant had not yet reached maximum medical recovery, and the Commission had made no final award. Notwithstanding, the Circuit Court of Lincoln County entertained what may only be labeled an interlocutory appeal and, thereafter, this Court did likewise, affirming and
remand[ing] to the commission for a determination of whether there is any permanent disability, and if so, its extent.
Reading & Bates, 208 So.2d at 440.
In the 1950s we find Jackson Ready-Mix Concrete v. Young, 236 Miss. 550, 111 So.2d 255 (1959). The Commission entered an interlocutory order, holding the claim compensable and awarding temporary total disability benefits. Employer and carrier appealed, and the case made its way to this Court, where we decided important questions regarding the contours of the presumption of continuance of temporary disability, and, in the end, remanded for a new medical examination and evaluation to determine whether the appellee had reached maximum medical recovery, and if so, when, and whether the appellee was permanently disabled, and if so, from what date and to what extent.
Jackson Ready-Mix, 236 Miss. at 559, 111 So.2d at 258.
Also illustrative is International Paper Co. v. Evans, 244 Miss. 49, 140 So.2d 271 (1962), where the Commission had ordered medical benefits years after its earlier final order for compensation for a 1953 injury, and we see in International Paper Co. v. Evans, 293 So.2d 12 (Miss. 1974), that the Commission was still supervising this 1953 claim. In City of Kosciusko v. Graham, 419 So.2d 1005 (Miss. 1982), there was continuing supervision of a claim for a 1964 injury, even though some related issues had been decided years before in Graham v. City of Kosciusko, 339 So.2d 60 (Miss. 1976). Many other cases show the necessity of the practice of separating those parts of a Commission order which is final, and allowing immediate appeal from those parts which are interlocutory.
The Commission's orders in the cases before us today are interlocutory in the same sense as these and so many others. The question whether the Commission may reopen and review the awards in these two cases turns on the twin criteria of the statute. If reopening should be denied, that, of course, would be final, and the claimant could appeal. Should reopening be granted on legally erroneous grounds, or should the claimant's application be facially inadequate, viz., it is filed outside Section 71-3-53's one-year time limit, there is no reason on principle why the interlocutory appeals process should not be available the same as in the other instances cited above. It could be that, upon reopening, matters of maximum medical recovery must be revisited, and the claim would be in the posture of one where an order of compensability has been entered and temporary benefits ordered paid, the matter simply held in abeyance awaiting maximum medical recovery.

B.
None of this, of course, is to say that interlocutory appeals in workers' compensation *101 should be allowed willy-nilly. Sonford Products Corp. v. Freels, 495 So.2d 468, 471 (1986), recognized only a limited and discretionary power of review of such orders, interlocutorily, in the Circuit Court and, thereafter, in this Court. See also, R.C. Petroleum Co. v. Hernandez, 555 So.2d 1017, 1021 (Miss. 1990). We have formalized the criteria for such appeals in Rule 5(a), Miss.Sup.Ct.Rules.[1] These criteria address principally questions of law and have been enforced with effect and without demonstrable inconvenience in a series of cases, e.g., Owens-Illinois, Inc. v. Edwards, 573 So.2d 704, 706-09 (Miss. 1990); City of Mound Bayou v. Johnson, 562 So.2d 1212, 1215 (Miss. 1990); McDaniel v. Ritter, 556 So.2d 303, 306-07 (Miss. 1989); American Electric v. Singarayar, 530 So.2d 1319, 1323 (Miss. 1988); see also, Kilgore v. Barnes, 490 So.2d 895, 896 (Miss. 1986). Suffice it to say that, where parties to a compensation proceeding pursue interlocutory appeals not clearly satisfying Rule 5(a)'s criteria, all we have to do is say, "No."

C.
The majority mentions none of this but provides a lengthy string cite to a point indubitable as it is irrelevant, to-wit: "a right of appeal is statutory" (although the point should more correctly be stated, "an appellate court's subject matter jurisdiction is statutory.") But this overlooks the simple distinction between (a) subject matter jurisdiction to hear a case at all, and (b) the timing of the hearing processes for those cases otherwise within the Court's appellate subject matter jurisdiction. What, and all, Rule 5(a) and Sonford Products hold is that this Court can regulate the timing for the hearing of appeals, subject matter jurisdiction of which is vested in this Court independently by statute.[2] In Southern Farm Bureau Casualty Insurance Co. v. Holland, 469 So.2d 55 (Miss. 1984), we find:
If this Court has any rule-making power, the scope of that surely includes the procedural aspects of appeals to this Court. If there is any aspect of procedure that relates to the efficient disposition of judicial business, it is the setting and providing of times when actions with respect to a lawsuit may or must be taken.
Southern Farm, 469 So.2d at 63 (Anderson, J., concurring, joined by Prather, Robertson and Sullivan, JJ.)
The issue today is in no way distinct from that this Court addressed without a thought when it provided by rule that the appellant shall serve and file his brief within forty days after the date on which the record is filed [Rule 31(b), Miss.Sup.Ct. Rules], that parties have seven days within which to respond to motions [Rule 27(a), Miss.Sup.Ct. Rules], and that petitions for rehearing must be filed within fourteen days after a case is decided on its merits [Rule 40(a), Miss.Sup.Ct. Rules].
Less routine but equally accepted is the notion that this Court sets the time within which a party may perfect an appeal  the familiar thirty-day rule [Rule 4, Miss.Sup. Ct. Rules]. Duncan v. St. Romain, 569 So.2d 687 (Miss. 1990); Moore v. Wax, 554 So.2d 312 (Miss. 1989); Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308 (Miss. 1989); *102 Landrum v. Bailey, 475 So.2d 140 (Miss. 1985); Moran v. Necaise, 437 So.2d 1222 (Miss. 1983).[3] Rule 54(b), Miss.R.Civ.P., contains as well an established and recognized process by which this Court accepts interlocutory appeals in cases where there has been an entry of judgment as to fewer than all of the claims or parties.[4]May v. V.F.W. Post # 2539, 577 So.2d 372 (Miss. 1991); Jones v. Ballard, 573 So.2d 783 (Miss. 1990); Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897 (Miss. 1987).
If we accept that courts ought act on principle, I do not see how the majority can square what we do today with all that we do in these and so many areas of the appellate process.[5] I trust that the interested public will soon demand a principled defense of the course we take today.

III.

A.
If I understand the Bickham case correctly, it does not begin to fit the criteria for hearing on interlocutory appeal. Bickham is claiming the right to reopen her claim because of an alleged change in employment conditions and job availability adversely affecting her wage-earning capacity. I would think it apparent the claim is one largely requiring an inquiry into the facts, although in saying this, I would imply no judgment on the legal merits vel non of the claim. The point is that the Commission's order of November 14, 1988, directs a largely factual quest.
Nothing before us suggests that this interlocutory appeal bore any promise of materially advancing the termination of this litigation or avoiding exceptional expense. Indeed, the contrary is now the blatant fact. If the interlocutory appeal had not been allowed, we may only assume the Administrative Judge would have long since heard the matter and the Commission itself, no doubt, taken final action. Nor do I see how the interlocutory appeal of this case was necessary to protect Employer and Carrier from substantial and irreparable injury. Ivory Bickham filed a petition to reopen facially within Section 21's regimen of continuing jurisdiction. Employer and Carrier show little regard for Bickham's *103 claim, but I see nothing suggesting the Administrative Judge and thereafter the Commission will not protect fully all rights Employer and Carrier enjoy in the premises. The largely factual question, whether Ivory Bickham had experienced a change in conditions adversely affecting her wage-earning capacity and tied to her original injury, certainly does not present any issue of general importance in the administration of justice.
I would deny the interlocutory appeal in Bickham.

B.
I see the Spann case otherwise. That case presents the question whether an injured employee may, on grounds of "a change in conditions" reopen his claim for compensation after he has consummated a Section 9(i) settlement which has been approved by the Commission. The case calls for construction and enforcement of the Commission's continuing jurisdiction created by Section 21 of the Mississippi Workers' Compensation Act. The Commission held it had continuing jurisdiction of the worker's claim and remanded to an administrative judge for a hearing and findings on the worker's application to reopen. The appeal presents the sort of question Rule 5(a) contemplates. It presents a pure question of law, the legal question whether a finalized Section 9(i) compromise and settlement falls within the Commission's continuing jurisdiction under Section 21. This is a question to which this Court has not heretofore spoken with authority. It is a question of general importance in the administration of justice, the answer to which may materially advance the termination of the litigation and, accordingly, avoid exceptional expense to the parties, in the sense that a decision for employer and carrier would terminate the proceedings.
I would grant the interlocutory appeal in Spann.
PRATHER, SULLIVAN and PITTMAN, JJ., join this opinion.
NOTES
[1] By virtue of Rule 5(a), this Court may, in its sound discretion, review an interlocutory order where:

A substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:
(1) materially advance the termination of the litigation and avoid exceptional expense to the parties; or
(2) protect a party from substantial and irreparable injury; or
(3) resolve an issue of general importance in the administration of justice.
The same ground rules apply in the Circuit Court, which in this setting, sits as an intermediate court of appeals. See Miss. Code Ann. § 71-3-51 (1972) (re-enacted without change, Supp. 1990); Rule 4.00, Miss.Unif.Cir.Ct.R. (1979). The Circuit Court
is bound by the same rules which govern a court of last resort under appellate procedures. Morris v. Landsdell's Frame Co., 547 So.2d 782, 784 (Miss. 1989), citing Dunn, Mississippi Workers' Compensation § 286 (3d Ed. 1982).
[2] The irony of the majority view is its failure to see that Sonford Products and Rule 5(a) do not enlarge but restrict the access to this Court the interlocutory appellant has enjoyed over the last four decades of workers' compensation practice.
[3] The recent legislative repeal of the old forty-five day statutory rule for giving notice of appeal suggests at the very least a legislative acquiescence in the view that this Court has the overriding authority to determine matters with reference to the timing of the hearing and processing of appeals otherwise committed to this Court's subject matter jurisdiction. See Miss. Laws ch. 573, § 141 (1991), repealing, inter alia, Miss. Code Ann. § 11-51-5 (1972). The title of the act provides that it is repealing Section 11-51-5, inter alia, because they

enact rules of procedure and court which are superseded by rules of procedure and court adopted by the Mississippi Supreme Court, or enact rules of procedure and court that conflict with rules of procedure and court adopted by the Mississippi Supreme Court.
[4] Rule 54(b), Miss.R.Civ.P., provides:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
[5] I have considered whether, by reason of the fact that the Mississippi Workers' Compensation Commission is an administrative agency, there might be institutional reasons why this Court ought not review Commission actions until they are final in their entirety. Leaving aside the fact that this would radically alter current practice within the Commission, I think it important to point out that the Commission performs hybrid functions. Many of its duties regarding worker safety are purely administrative and ought not be subject to judicial review until final. On the other hand, the Commission's handling of controverted claims of injured workers concerns claims of right which, prior to 1948, were heard in courts of law in actions sounding in tort. Though the agency which hears these claims is no longer called "court," the fundamental nature of the claim as seeking the vindication of an individual right has not changed. A rose by any other name....