755 So.2d 50 (1999)
FLEXIBLE FLYER, INC., Self-Insured, Appellant,
v.
Helen HARRIS, Appellee.
No. 1998-WC-01393-COA.
Court of Appeals of Mississippi.
November 30, 1999.
Rehearing Denied February 15, 2000.
Certiorari Denied April 27, 2000.
George E. Read, Oxford, J. Keith Pearson, Attorney for Appellant.
David O. Butts, Jr., Tupelo, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND PAYNE, JJ.
*51 PAYNE, J., for the Court:

PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is before the Court on appeal from the judgment of the Clay County Circuit Court affirming the Mississippi Workers' Compensation Commission's decision to allow Harris's case to be reopened and additional benefits to be awarded. Feeling aggrieved, the employer/carrier perfected this appeal, challenging the reopening of the case for an award of additional benefits and contesting the Commission's decision to award benefits to Harris that are allegedly inconsistent with the Commission's medical fee schedule.
¶ 2. After reviewing the record and applicable precedents, we have determined that this case is not ripe for our consideration. Accordingly, this appeal is dismissed, and the matter is remanded to the Workers' Compensation Commission.

FACTS
¶ 3. Helen Harris was employed as a laborer by Flexible Flyer, a self-insurer. On January 20, 1992, Harris suffered an injury during the course and scope of her employment. Harris received medical treatment and eighty-six weeks of temporary total disability benefits. The parties further stipulated that Harris was due thirty-six weeks of permanent partial disability benefits. The contested issues were the degree and extent of any permanent disability suffered by Harris as well as the amount, if any, of lost wage earning capacity flowing from Harris's injury. On November 12, 1992, Helen Harris filed her petition to controvert.
¶ 4. Following the administrative hearing on May 19, 1994, the administrative law judge issued an order finding that Harris reached maximum medical improvement on August 5, 1993 and finding a forty percent medical impairment to Harris's right hand and a fifty percent functional impairment to the right hand. Contending that impairment ratings should have been assigned to her entire right extremity and not just her right hand, Harris filed her motion requesting the administrative law judge reconsider her decision; the administrative judge denied the request. In March 1995, the Full Commission affirmed the administrative law judge but retained jurisdiction for one year to allow Harris to reopen if the need arose.
¶ 5. In March 1996, Harris petitioned to reopen her case. The administrative law judge denied the petition to reopen for failure to timely pursue the petition. However, in September 1996, the administrative law judge reversed her prior dismissal and allowed Harris an additional sixty days to pursue the matter of reopening her claim. Once again, in February 1997, the administrative law judge dismissed Harris's petition to reopen her case a second time for failure to timely pursue the petition; but, in March 1997, the administrative law judge set aside the February dismissal of the petition to reopen. Approximately two months later, the administrative law judge finally denied the petition to reopen Harris's claim.
¶ 6. In March 1998, the Full Commission reversed the administrative law judge's denial of Harris's petition to reopen her claim. The Commission reopened Harris's case and remanded for determination of a new date of maximum medical improvement, if any, and an award of additional benefits. The employer filed this interlocutory appeal of the Commission order with the Circuit Court of Clay County. In August 1998, the circuit court affirmed the Full Commission and remanded to the Commission for further action.

ANALYSIS AND DISCUSSION
¶ 7. In order to be appealable, an order from the Workers' Compensation Commission must be final. Bickham v. Department of Mental Health, 592 So.2d 96, 97 (Miss.1991) (citing DUNN, MISSISSIPPI WORKERS' COMPENSATION, § 285 (3rd ed.1982); Southern Natural Resources, *52 Inc. v. Polk, 388 So.2d 494 (Miss.1980)). In the case sub judice, the Full Commission has ordered that Harris's case be reopened but has remanded to the administrative law judge for further action. It is apparent that the Commission's decision, while complete in part, does not constitute a final, appealable order under Bickham.
¶ 8. While we are bound by the majority's dictate in Bickham, we pause to note an important point in Justice Robertson's dissent in Bickham:
Orders like this are interlocutory in the sense today's majority considers that term. But orders on the contested compensability grounds have always been held appealable on those issues. The reason this is and must be so is that maximum medical recovery, permanent disability, and related issues may not be susceptible of resolution for several years. Furthermore, since the temporary benefits are not in practice recoverable should compensability be ultimately denied, a delayed appeal on compensability grounds would be of no practical benefit to the employer and carrier.
All of this accords with our four decade experience with the Act.
Bickham, 592 So.2d at 99. For today though, the majority rule in Bickham must prevail. Flexible Flyer's appeal is interlocutory in nature and must be, and is, dismissed.
¶ 9. APPELLANT'S APPEAL IS DISMISSED WITHOUT PREJUDICE AND CAUSE REMANDED TO THE WORKERS' COMPENSATION COMMISSION FOR PROCEEDINGS UNDER ITS PENDING ORDERS. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.