937 So.2d 32 (2006)
CUNNINGHAM ENTERPRISES, INC. d/b/a Campbell's Glass Window & Door Company, A Member of the BCAM Self-Insurers' Fund, Appellant
v.
Cary A. VOWELL, Appellee.
No. 2005-WC-01261-COA.
Court of Appeals of Mississippi.
August 8, 2006.
*33 Michael Reed Martz, Andrew David Shull, attorneys for appellant.
Stephen L. Henning, Batesville, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Cunningham Enterprises, Incorporated (Cunningham) appeals the Marshall County Circuit Court's dismissal of its appeal from an interlocutory order from the Mississippi Workers' Compensation Commission (Commission). Finding that no final order has been issued, we affirm the circuit court's decision.

ANALYSIS
¶ 2. Cary Vowell filed a petition to controvert on May 27, 2003. On April 23, 2004, Vowell filed a motion with the Commission to compel medical benefits. Vowell renewed this motion on September 13, 2004. On October 1, 2004, the administrative law judge conducted a telephonic hearing on Vowell's motion. The administrative judge law granted Vowell's motion to compel medical benefits. Cunningham appealed the administrative law judge's decision to the Full Commission. The Commission listed in its order the following situations in which it may choose to review interlocutory orders by administrative law judges:
where such review may materially advance the final resolution of the claim, avoid unnecessary delay or expense to the parties, protect a party from substantial and irreparable injury, resolve an issue of general importance in the administration of the Mississippi Workers' Compensation Act, or serve some other purpose that the Commission in the exercise of its sound discretion considers appropriate.
The Commission dismissed Cunningham's appeal stating that it did not meet any of the criteria for review of interlocutory orders by administrative law judges. Further, the Commission ordered the cause to be remanded to the administrative law judge "for such further proceedings as may be appropriate." The administrative law judge had not yet decided the following issues raised in Vowell's petition to controvert: (1) the period of temporary disability, (2) the date of maximum medical *34 improvement, (3) the date the claimant may be able to resume employment, (4) the nature, degree and extent of the claimant's permanent disability, nor (5) the claimant's loss of wage earning capacity, if applicable.
¶ 3. Interlocutory orders by the Workers' Compensation Commission are not appealable. Bickham v. Department of Mental Health, 592 So.2d 96, 98 (Miss. 1991) (See also Miss.Code Ann. § 71-3-51 (Rev.2000)). Since the Commission has issued no final order, the circuit court was without jurisdiction to hear the appeal and appropriately dismissed the case. This Court affirms the circuit court's dismissal of the appeal.
¶ 4. THE APPEAL OF THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT WHICH DISMISSED THE INTERLOCUTORY APPEAL IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ.
SOUTHWICK, J., Concurring:
¶ 5. I concur in the Court's affirming the circuit court's dismissal of the appeal. This separate opinion is written because the analysis in the precedent relied upon by the majority is of questionable continuing validity. Nonetheless, dismissal remains the proper result.
¶ 6. The Court refers to a decision that concluded that neither the circuit nor the supreme court could grant an interlocutory appeal from the Workers' Compensation Commission. Bickham v. Dept. of Mental Health, 592 So.2d 96 (Miss.1991). That opinion stated that "judgments of the circuit courts, emanating from appeals from interlocutory orders of the Commission, are nullities. McMahan, et al., Trustees, Etc., v. Adult Membership Bds. of Phi Kappa, Dusty and Debs Clubs, 244 Miss. 692, 146 So.2d 359 (1962)." Bickham, 592 So.2d at 97. No administrative agency was involved in McMahan, and that decision's apparent rejection of interlocutory appeals even from trial courts has been overruled by statute and the adoption of an appellate rule setting the terms for consideration of such appeals. M.R.A.P. 5.
¶ 7. The legislature has stated that the supreme court has "the power to prescribe by general rules . . . for appeals to the Supreme Court from interlocutory or final orders of trial courts and administrative boards and agencies, and certiorari from the Court of Appeals." Miss.Code Ann. § 9-3-61 (Rev.2002). The reference to interlocutory appeals was added in 1996 to a preexisting statute regarding the court's rulemaking power. 1996 Miss. Laws ch. 384, § 1. The supreme court's authority to make procedural rules has been interpreted as arising from the court's inherent authority. Newell v. State, 308 So.2d 71, 77 (Miss.1975). However, the existence of a right to appeal has at times been identified as requiring statutory creation. Fleming v. State, 553 So.2d 505, 506 (Miss.1989). Section 9-3-61 is an implied legislative authorization for interlocutory appeals from agencies, but the granted authority is not self-executing. Implementation requires that the supreme court prescribe general rules.
¶ 8. The court rules controlling appeals from agencies and other tribunals to the circuit courts, which is the route that workers' compensation cases proceed, do not refer to interlocutory appeals. *35 U.R.C.C.C. 5.01-5.10. Two expert commentators on workers' compensation law concluded that a rule authorizing circuit courts "to hear and determine all motions, appeals or other applications" is sufficient to permit a circuit court to accept an interlocutory appeal from the commission. URCCC 2.02, quoted in Bradley & Thompson, Workers' Compensation Law, in 9 JACKSON & MILLER (ED.), ENCYCLOPEDIA OF MISS. LAW, § 76:173 (2002). Acknowledging but not, this time, deferring to their expertise, I disagree that the fairly innocuous Rule 2.02 should be read as permitting interlocutory appeals. Allowing such appeals would overturn clear precedent. Rule 2.02 is not that bold.
¶ 9. Until the supreme court adopts rules structuring such appeals, I believe the authority granted by the legislature lies dormant. Policy considerations against such appeals have been expressed:
The extended time in which it takes to finally determine and conclude workers' compensation cases has long been a serious concern of the judiciary, especially this Court. Counsel for litigants and circuit judges should eschew any attempt to appeal a decision of the Commission which is not final.
Bickham, 592 So.2d at 97. Bickham is dated in parts of its analysis but not in result. The supreme court may authorize interlocutory appeals from state agencies, but such appeals have not yet been and perhaps never will be allowed.
CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., JOIN THIS OPINION.