WILLIAMS *v.* STATE.

(Division B. June 8, 1931.)

[135 So. 199. No. 29370.]

Farish & Bell, of Greenville, for appellant.

490

**W. A. Shipman**, Assistant Attorney-General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

Matilda Williams was convicted of the unlawful possession of intoxicating liquor. The prosecution was instituted before a justice of the peace of the county, and, from a conviction in that court, appeal was had to the county court, where on trial de novo she was also convicted. From the county court appeal was had to the cir-

'cuit court, where the judgment of the county court was affirmed.

The circuit judge, in affirming the judgment of the county court, granted an appeal to this court, but there was no recital in the judgment that any constitutional question was involved, and none is assigned for error either in the circuit court or here.

The prosecution was begun on November 5th, and the judgment of the circuit court was rendered December 9, 1930.

Section 705, Code of 1930, among other things, provides that: "And from the final judgment of the county court in a case appealed to it under this section, a further appeal may be taken to the circuit court on the same terms and in the same manner as other appeals from the county court to the circuit court are taken: Provided that where the judgment or record of the justice of the peace, municipal or police court is not properly certified, or is not certified at all, that question must be raised in the county court in the absence of which the defect shall be deemed as waived and by such waiver cured and may not thereafter be raised for the first time in the circuit court on the appeal thereto; and provided further that there shall be no appeal from the circuit court to the Supreme Court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved, and then only upon the allowance of the appeal by the circuit judge or by a judge of the Supreme Court."

The only question provided for determination here on appeal is the sufficiency of the evidence. There was no constitutional question raised in the court below, and, as stated, there was none recited to exist in the order allowing the appeal; consequently the appeal cannot be maintained, and is hereby dismissed.

Appeal dismissed.