JOHNSON *v.* CITY OF HATTIESBURG.

(Division B.   June 11, 1934.)

[155 So. 418.   No. 31212.]

**C. F. Pittman** and **H. W. Pittman,** both of Hattiesburg, for appellant.

528

**John R. Tally,** of Hattiesburg, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Calvin Johnson was convicted in the police court of the city of Hattiesburg for the unlawful possession of intoxicating liquor; appealed from the city court to the county court, where he was again convicted; and from that conviction appealed to the circuit court, where the conviction of the county court was affirmed.

The appellant then filed a petition for appeal to this court with the circuit court which denied said appeal. He, thereupon, applied to a judge of this court, setting out the proceedings up to the affirmance in the circuit

court, and then alleging that there is involved in the case a constitutional question; that the only witness testifying against him was a policeman of the city of Hattiesburg, and there was no evidence offered by the defendant. That the only witness for the city testified, in substance, that he first saw the appellant in a sanitary closet near his place of business, and after the appellant left the closet the policeman went into it, searched it, and found some whisky in the top of the closet; that the policeman did not see the appellant have the whisky in his possession and did not know it was the appellant's whisky. That the policeman seemed to be uncertain all through his testimony as to whether the closet was a public or private one, saying at one time it was a public closet, but being in the main uncertain. The appellant alleges in his petition that whatever the character of the closet in general, on this occasion, it was, for all intents and purposes in law, a private place, and that therefore its search was unlawful and violated appellant's constitutional rights, and that the evidence, so obtained, could not be used against him. The judge of this court, in granting this petition, said: "The question is frequently arising before the circuit judges and petitions for appeals to the judges of the supreme court as to what exactly is meant or is covered by section 705, Code 1930, allowing an appeal to the supreme court when 'in the determination of the case a constitutional question be necessarily involved.' The facts of the above petition seem to me to present a doubtful or debatable issue upon that question and in order that the supreme court may lay down, so far as may be, a better guide in such cases, the appeal in this case is hereby allowed. This petition and the endorsement thereon, shall be made a part of the record on the appeal."

In examining the record, we find that the petition did not fully state all the facts. The policeman testified that after seeing the appellant standing on the commode and reaching up, he (the policeman) went nearer the closet,

and heard a bottle drop, and heard the appellant pouring some liquor into the commode, and asked the appellant if it was whisky and the appellant said it was; that this was before the search; and that the appellant said it was a public closet. Under these facts, which were not disputed by the appellant, no constitutional question was presented; it having already been decided that a person's constitutional rights are not invaded unless his own property is searched. Where the appellant's constitutional rights are invaded by admitting evidence obtained by an illegal search, or where that question is doubtful, an appeal may be, and should be, allowed to this court. Also if the constitutionality of a statute upon which the prosecution is based is challenged in the proceeding, and decided against the accused, an appeal should be allowed. The statute was intended to secure to the accused person his rights guaranteed by the constitution.

However, no such case appears here. Had the facts above stated, which did not appear in the petition, appeared therein, the appeal would not have been granted.

The appeal, therefore, is dismissed.

Appeal dismissed.