STATE *v.* WARREN.

(In Banc.   Oct. 9, 1944.)

[19 So. (2d) 491.   No. 35616.]

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellant.

14

Appellee not represented.

**Griffith, J.,** delivered the opinion of the court.

An affidavit was made in the court of a justice of the peace charging or attempting to charge appellee with a misdemeanor, and on a trial the defendant was convicted and he appealed to the county court. In that court a demurrer to the amended affidavit was sustained, and the state appealed to the circuit court. There the action of the county court was affirmed, and the state has attempted to appeal to the Supreme Court.

Putting aside the question whether an appeal may be taken from the county court to the circuit court on an order sustaining a demurrer to an affidavit, we have no option other than to hold that there can be no appeal to the Supreme Court in a case originating in the justice court and thence appealed to the county court and from that court to the circuit court save in a case involving a constitutional question, and there is no such case here. Among the provisions of Section 705, Code 1930, Section 1617, Code 1942, is the following: "And provided further that there shall be no appeal from the circuit court to the Supreme Court of any case civil or criminal which originated in a justice of the peace . . . court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved . . . "

From early days it has been held in this state that the right of appeal does not exist unless expressly given by statute, and is not to be extended to cases not within the statute. For the stronger reason it does not exist when expressly excluded as is done by the quoted provision, applicable by its plain terms to criminal as well as to civil cases, and this without exception.

Appeal dismissed.