WELLS *v.* STATE.

(In Banc.   Feb. 10, 1947.)

[29 So. (2d) 119.   No. 36221.]

McClaren & Hagee, of McComb, for appellant.

250

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the Court.

The appellant was charged, in a court of the justice of the peace, with the possession of intoxicating liquor. From a conviction there he appealed to the county court where the same result followed, and from there appealed to the circuit court, where the judgment of conviction was affirmed and the circuit judge granted an appeal to this Court under Section 1617, which provides "that there shall be no appeal from the circuit court to the Supreme Court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the Supreme Court."

The appellant's claim is that a constitutional question arises out of the issuance of a search warrant here in violation of Section 23 of our Constitution. We have discovered no such constitutional questions in the proceed-

ings in the courts below, and the appellant has failed to point out such in his brief. The presence of a constitutional question and the granting of such an appeal by the circuit judge must concur in order to justify such an appeal to this Court. Consequently, this appeal must be, and will be, dismissed.

So ordered.