576 So.2d 1259 (1991)
Patricia L. SUMRALL
v.
CITY OF JACKSON.
No. 89-KA-0828.
Supreme Court of Mississippi.
March 13, 1991.
*1260 Christopher A. Tabb, Brandon, for appellant.
Cynthia Lee Perry, Jackson, for appellee.
Before DAN M. LEE, P.J., PRATHER and BANKS, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Today, we fortify the language found in Miss. Code Ann. § 11-51-81 (1972) which provides, inter alia, that a case originating in municipal court, appealed to county court and there tried de novo, and from county court appealed to circuit court and by that court affirmed, may not be appealed to the Supreme Court of Mississippi unless (1) a constitutional question is necessarily involved and (2) then only upon the allowance of an appeal by the circuit judge or by a judge of this Court. These two tickets, which must be tendered at our door, are jurisdictional requirements.
We write because appeals similar to the one presently before us have been occurring with some frequency. An invitation is extended to the bar to be aware of the dual statutory requirements governing cases appealed from justice and municipal courts to the Supreme Court of Mississippi. Such appeals are clearly not allowed by the statute or prior decisions of this court and well may be the subject of sanctions under our frivolous appeal rule. See Miss.Sup. Ct.R. 46(d).
Patricia Sumrall appeals from an order affirming the verdict of the Hinds County Court issued on June 5, 1989, by the Circuit Court of Hinds County, Mississippi.
On December 9, 1987, Sumrall was found guilty in the Municipal Court of Jackson, Mississippi, of driving under the influence of intoxicating liquor. The defendant was fined the sum of $400 and ordered to attend the Mississippi Alcohol Safety Education Program (MASEP).
On January 8, 1988, Sumrall took an appeal for trial de novo to the County Court of the First Judicial District of Hinds County. On October 10, 1988, the defendant was found guilty of driving under the influence of intoxicants following a trial by jury. An identical sentence was subsequently imposed.
Feeling aggrieved over the jury verdict, Sumrall, on October 14, 1988, perfected an appeal to the Circuit Court of the First Judicial District of Hinds County. On June 5, 1989, Honorable William F. Coleman, Circuit Judge, entered the following order affirming the verdict of the county court:
THIS DAY the above styled and numbered cause came before this Honorable Court pursuant to Rule 7.04 of the Mississippi Uniform Criminal Rules of Circuit Court. Upon a hearing of the lawful arguments by both counsel for the appellant, Christopher Tabb and the Prosecutor for the Appellee, Cynthia Lee Perry, the Court finds no prejudicial error justifying a reversal upon the record of the County Court wherein the defendant was found guilty of driving under the influence in violation of Section 63-11-30(1)(c) of the Miss. Code Ann. of 1972 (Supp 1988).
IT IS THEREFORE ORDERED AND ADJUDGED the verdict of the County Court shall be and is affirmed. The defendant is hereby directed to fulfill the sentence of the County Judge issued on October 11th, 1988.
On July 17, 1989, Sumrall filed her notice of appeal to this Court. Nothing within the four corners of the present record indicates the allowance of the appeal by the circuit judge or by a judge of this Court.
The issue raised by Sumrall in her appellate brief is succinct and singular. She contends the prosecution failed to prove beyond a reasonable doubt her blood alcohol content was above .10% at the time her vehicle was stopped by a Jackson police officer and, accordingly, the trial judge should have directed a verdict in her favor. In short, Sumrall assails the sufficiency of the evidence used to convict her of driving *1261 her automobile while under the influence of intoxicating liquor.
No useful purpose will be served by amplification of the facts. It is enough to say the posture of Sumrall's appeal is controlled by the following language found in Barrett v. State, 491 So.2d 833 (Miss. 1986):
This appeal involves the conviction for simple assault of John William Barrett, originating in the municipal court of Meridian, Mississippi. This Court, finding no merit to the errors assigned on appeal affirms the conviction, and reiterates the requirement that a constitutional question be involved in a case appealed from municipal court to the Mississippi Supreme Court. Miss. Code Ann. § 11-51-81 (1972); Gaughf v. City of Jackson, 243 Miss. 50, 137 So.2d 190 (1962). Section 11-51-81 appears as follows:
[T]here shall be no appeal from circuit court to the supreme court of any case, civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
Although the appeal to this Court was allowed by the circuit court, Barrett asserts no valid argument in support of an alleged constitutional violation of his rights. [emphasis supplied]
See also Johnson v. City of Hattiesburg, 170 Miss. 527, 155 So. 418 (Miss. 1934).
Since the only issue raised on appeal and addressed by Sumrall is her sufficiency of the evidence complaint, the case at bar is not one of those cases falling within the statutory exception wherein cases originating in municipal court, appealed to county court and there tried de novo, and from thence appealed to circuit court and by that court affirmed, may be appealed to this Court as a case in which a "constitutional question" is "necessarily involved."
In Williams v. State, 160 Miss. 489, 135 So. 199, 200 (1931), an appeal to this Court from a conviction of unlawful possession of intoxicating liquor, we said:
The only question provided for determination here on appeal is the sufficiency of the evidence. There was no constitutional question raised in the court below, and, as stated, there was none recited to exist in the order allowing the appeal; consequently the appeal cannot be maintained, and is hereby dismissed. [emphasis supplied]
The presence of a constitutional question and the granting of an appeal by either the circuit judge or a judge of this Court are both necessary ingredients for a viable appeal to the Supreme Court. Wells v. State, 201 Miss. 249, 29 So.2d 119 (1947). Sumrall's case flunks both requirements which are jurisdictional in nature. Keeton v. State, 197 Miss. 11, 19 So.2d 477 (1944). "[T]he right of appeal does not exist unless expressly given by statute and is not to be extended to cases not within the statute." Jones v. City of Meridian, 552 So.2d 820, 825 (Miss. 1989) quoting from State v. Warren, 197 Miss. 13, 16, 19 So.2d 491 (1944).
It was true in both Wells, supra, and Keeton, supra, and it is equally true here, that no constitutional question was presented to the circuit court. Nor does Sumrall contend, or even mildly suggest, that such a question is involved on the record before this Court. Finally, there is no order by the circuit judge or by any judge of this Court allowing the appeal.
What then should this Court do, affirm the decision of the circuit judge or dismiss Sumrall's appeal? In Barrett, supra, we affirmed the decision of the trial judge because the appeal to this Court was specifically allowed by the circuit court and no valid argument was asserted in support of Barrett's alleged constitutional violation.
In the case at bar, the record fails to reflect that Sumrall's appeal was allowed by a circuit judge or by a judge of this Court. Moreover, no constitutional violation or constitutional question has been alleged or presented to us for appellate review. *1262 Since the requirements of § 11-51-81 that a constitutional question be necessarily involved and that any appeal to this Court must first be allowed by either the circuit judge or by a judge of this Court, are jurisdictional, we are left with no alternative but to dismiss Sumrall's appeal. Wells v. State, supra; Keeton v. State, supra; Williams v. State, supra.
Although the jurisdictional issue was not raised in the briefs filed by the appellant or the appellee, this Court has a duty to raise on its own motion a question of jurisdiction of appeal even though such question is not raised by either party. Winborn v. State, 213 Miss. 322, 56 So.2d 885 (1952). We said in Graham v. State, 196 Miss. 382, 17 So.2d 210, 213 (1944) that:
... it becomes the duty of this Court to determine whether it has jurisdiction in a case as a condition precedent to its right to decide the issues involved, where the want of jurisdiction is suggested by the record or appears from a geographical, historical or other fact of which the court must take judicial notice.
Accordingly, Sumrall's appeal is dismissed.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.