HAWKINS, Presiding Justice,
for the Court:
Roy L. Davidson appeals the decision of the Circuit Court of Madison County affirming his conviction in the County Court of Madison County of driving under the influence. Because Davidson has not complied with the requirements of Miss.Code Ann. § 11-51-81 (1971) for the perfection of an appeal to this Court, we dismiss his appeal.
FACTS
Roy L. Davidson was convicted in the Justice Court of Madison County of the offense of driving under the influence. He appealed his conviction to the County Court of Madison County and after a trial de novo, he was convicted of driving under the influence. The County Court sentenced him to a suspended term of twenty-four hours in the county jail, ordered him to pay a fine of $300, and ordered him to complete the Mississippi Alcohol Safety Education Program. Davidson then appealed on the record to the Circuit Court of Madison County and the Circuit Court affirmed his conviction and sentence. He now appeals to this Court.
The State has filed a motion to dismiss the appeal. The State contends that the appeal should be dismissed since the requirements of Miss.Code Ann. § 11-51-81 (1972) have not been met. This statute provides in pertinent part:
[TJhere shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
The State argues that since no constitutional question was necessarily involved and neither the circuit court nor a justice on the Supreme Court granted an appeal, Davidson’s appeal should be dismissed.
LAW
This issue is controlled by this Court’s recent decision in Sumrall v. City of Jackson, 576 So.2d 1259 (Miss.1991). In Sum-rail, the defendant was found guilty in the Municipal Court of Jackson, Mississippi, of driving under the influence of intoxicating liquor. Id. at 1260. She then took an appeal for trial de novo to the County Court of Hinds County and was found guilty of driving under the influence after a jury trial. Id. She then appealed to the Circuit Court of Hinds County and the Circuit Court affirmed her conviction. She then appealed to the Mississippi Supreme Court challenging the sufficiency of the evidence used to convict her of driving under the influence. Id. at 1260-61.
This Court dismissed the appeal, holding that the requirements of § 11-51-81 had not been met. We noted that “[T]he right of appeal does not exist unless expressly given by statute and is not to be extended to cases not within the statute.” Id. at 1261, quoting State v. Warren, 197 Miss. 13, 16, 19 So.2d 491 (1944). We stated that the dual requirements of § 11-51-81 are jurisdictional requirements which must be met before such an appeal is permitted. Id. at 1260. The presence of a constitutional question and the granting of an appeal by either the circuit judge or a judge of the Supreme Court are both necessary ingredients for a viable appeal to the Supreme Court. Id. at 1261. Since the only issue raised by the defendant was the sufficiency of the evidence and there was no order by either the circuit judge or a Supreme Court justice granting the appeal, we dismissed the appeal. Id. at 1261-62; see also Barrett v. State, 491 So.2d 833 (Miss.1986); *1008 Alt v. City of Biloxi, 397 So.2d 897, 899 (Miss.1981).
This case originated in justice court, was tried de novo in county court and was appealed on the record to the circuit court. Miss.Code Ann. § 11-51-81 (1972) clearly sets forth two requirements for an appeal of such a case to the Mississippi Supreme Court: (1) a constitutional question must necessarily be involved; and (2) the appeal must be granted by either the circuit court or a justice on the Supreme Court. This Court in Sumrall made it clear that both requirements are jurisdictional. Davidson filed his notice of appeal to this Court on August 3, 1990. Nothing in the record indicates the allowance of the appeal by the circuit judge or by a judge of this Court. The second requirement clearly has not been met and therefore this appeal is dismissed.
APPEAL DISMISSED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.