797 So.2d 1036 (2001)
Joseph DAVIS, Jr., Appellant,
v.
CITY OF BILOXI, Appellee.
No. 2000-KM-00696-COA.
Court of Appeals of Mississippi.
July 17, 2001.
Rehearing Denied October 16, 2001.
Kelly Michael Rayburn, for Appellant.
Joy Harrison Goundas, Biloxi, for Appellee.
Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. This matter comes before the Court as an appeal from the decision of the Circuit Court of Harrison County, sitting as an intermediate appellate court. The circuit court affirmed the convictions of Joseph Davis, Jr. on two misdemeanor counts. Davis was originally convicted on these charges in the Municipal Court for the City of Biloxi. He had already appealed his convictions to the County Court of Harrison County, where the matter was tried de novo. The retrial in county court ended with Davis being convicted on both counts, which subsequently led to Davis's unsuccessful appeal to circuit court and now to this Court.
¶ 2. The City of Biloxi, as appellee, does not raise the matter of this Court's jurisdiction to hear this appeal; however, jurisdiction may not be conferred by agreement of the parties. Donald v. Reeves Transp. Co. of Calhoun, Ga., 538 So.2d 1191, 1194 (Miss.1989). This Court must remain mindful of questions relating to jurisdiction and should, if appropriate, raise such issues on its own motion. Michael v. Michael, 650 So.2d 469, 471 (Miss.1995).
¶ 3. Section 11-51-81 of the Mississippi Code governs a defendant's right of appeal from a proceeding originating in a municipal court. That section provides in pertinent part that:
there shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
Miss.Code Ann. § 11-51-81 (1972).
¶ 4. Procedurally, Davis's appeal is defective because it was not accompanied by the necessary formal allowance of either the circuit judge or a supreme court justice. Disregarding the absence of the necessary procedural formalities, we note that the only issues raised by Davis relate to the sufficiency of the evidence of his guilt *1037 and an allegation that the circuit court erred in its reasoning to affirm the county court conviction. We conclude that neither of these issues raise a concern of constitutional magnitude within the meaning of Section 11-51-81. For that reason, this Court is without jurisdiction to consider the appeal.
¶ 5. THE APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS DISMISSED FOR LACK OF JURISDICTION. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.