879 So.2d 1057 (2004)
Glyn JOHNSON d/b/a Zoo City Skydivers, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KM-01761-COA.
Court of Appeals of Mississippi.
June 15, 2004.
Rehearing Denied August 10, 2004.
*1059 Glyn Johnson, appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
EN BANC.
MYERS, J., for the Court.
¶ 1. Glyn Johnson appeals the decision of the Circuit Court of Yazoo County affirming his conviction in the County Court of Yazoo County of indecent exposure, reckless driving, and malicious mischief. Because Johnson has not complied with the requirements of Mississippi Code Annotated Section 11-51-81 (Rev.2002) for the perfection of an appeal to this Court, we dismiss his appeal.

STATEMENT OF FACTS
¶ 2. This appeal emanates from an altercation at the Yazoo County Airport. A couple of weeks before the incident in question, Johnson met with Gerald Frasier, the Yazoo County Airport director. At that meeting, Johnson asked Frasier if he could operate his para motor.[1] Frasier informed Johnson that he was banned from parachuting at the airport. However, Frasier told Johnson that he would seek a written ruling from the Federal Aviation Administration as to whether Johnson would be allowed to operate his device.
¶ 3. Johnson did not wait for Frasier's decision and on August 21, 2001, he attempted to operate his para motor at the airport. Les Clanton, the airport manager, notified Frasier of Johnson's activities. The two men confronted Johnson and notified him that he did not have permission to use the county's electricity or operate his device. Johnson became argumentative and began to curse at the men. The two men told Johnson that they did not come there to argue. As the two men were driving away, Johnson made a gesture with his finger, dropped his pants and mooned them.
¶ 4. Johnson then got in his vehicle and attempted to hit Frasier's vehicle head on, but Frasier slammed on his brakes. Johnson exited his vehicle, and Frasier tried to drive around on the right shoulder of the road. As Frasier passed Johnson, Johnson grabbed the vehicle's mirror and slammed it up against the window. Johnson was arrested that same day.
¶ 5. Johnson was convicted in the Justice Court of Yazoo County of indecent exposure, reckless driving, and malicious mischief. He appealed his conviction to the County Court of Yazoo County, and after a trial de novo, he was again convicted of all three crimes. The county court sentenced him to a suspended term of thirty days, ordered him to pay $100 in fines, ordered him to pay $202 in restitution, and ordered him to pay all court assessments. Johnson then appealed to the Circuit Court of Yazoo County, which affirmed his convictions and sentences. He filed a notice of appeal with the supreme court, which assigned the case to this Court. In his sole issue on appeal, Johnson argues that the justice *1060 court's charging affidavits were facially insufficient. Johnson argues that he received inadequate notice of the nature and cause of the accusations against him in violation of Article 3, Section 26 of the Mississippi Constitution.

LEGAL ANALYSIS
¶ 6. Despite the fact that neither party raised the issue of this Court's jurisdiction, it may not be conferred by agreement of the parties. Davis v. City of Biloxi, 797 So.2d 1036, 1036(¶ 2) (Miss.Ct. App.2001). "This Court must remain mindful of questions relating to jurisdiction and should, if appropriate, raise such issues on its own motion." King v. City of Richland, 856 So.2d 667, 668(¶ 2) (Miss.Ct. App.2003). "The right of appeal does not exist unless expressly given by statute and is not to be extended to cases not within the statute." Sumrall v. City of Jackson, 576 So.2d 1259, 1261 (Miss.1991). Section 11-51-81 of the Mississippi Code Annotated governs a defendant's right of appeal from a proceeding originating in justice court and provides that:
there shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
Miss.Code Ann. § 11-51-81 (Rev.2002).
¶ 7. "The presence of a constitutional question and the granting of an appeal by either the circuit judge or a judge of the Supreme Court are both necessary ingredients for a viable appeal to the Supreme Court." Davidson v. State, 592 So.2d 1006, 1007 (Miss.1992) (citing Sumrall, 576 So.2d at 1261).
¶ 8. The case sub judice originated in justice court, was tried de novo in county court, and was appealed to the circuit court. Procedurally, Johnson's appeal to this Court is defective because it was not accompanied by the necessary formal allowance of either the circuit judge or a supreme court justice. See Davis, 797 So.2d at (¶ 4). The second requirement of Section 11-51-81 has not been met. As a result, this appeal is dismissed.
¶ 9. Even if we assume, arguendo, that jurisdiction was proper, we would nevertheless affirm the decision of the circuit court. The Sixth Amendment of the United States Constitution entitles an accused person to be informed of the nature and cause of the accusations against him. Starns v. State, 867 So.2d 227, 232 (¶ 18) (Miss.2003). This same notion is embodied in Article 3, Section 26 of the Mississippi Constitution. Id. Since the charges in this case originated in justice court, Johnson received notice of the charges against him via an affidavit, which serves the same notice requirements as an indictment in circuit court. See Griffith v. City of Bay St. Louis, 797 So.2d 1037 (Miss.Ct.App. 2001). Like an indictment, the purpose of an affidavit is to advise the accused of the charges in order for him to prepare a defense. Williams v. State, 445 So.2d 798, 804 (Miss.1984).
¶ 10. However, formal or technical words are not required if the offense can be substantially described without them. Smallwood v. State, 584 So.2d 733, 738 (Miss.1991). In addition, there is no requirement that the actual statute be cited. King v. State, 580 So.2d 1182, 1185 (Miss.1991). Finally, a statement of the applicable statutory language is generally *1061 sufficient to inform the accused of the charges against him. Id.
¶ 11. After a careful review, we find no merit to Johnson's argument. The indecent exposure affidavit states that on or about August 15, 2001, Johnson "did then and there wilfully and unlawfully and lewdly expose his private parts to be exposed (sic) to Gerald P. Frasier" at the Yazoo County airport against the peace and dignity of the State of Mississippi.
¶ 12. The crime of indecent exposure is defined as "[a] person who wilfully and lewdly exposes his person, or private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself...." Miss.Code Ann. § 97-29-31 (Rev.2000). The justice court affidavit quotes the language of the statute.
¶ 13. In addition, we disagree with the fact that Johnson was somehow disadvantaged in presenting his defense of indecent exposure because multiple statutory sections were applicable to his conduct at the airport. Johnson cites four other statutory sections that could be applicable to his actions. However, none of these statutes have language similar to the language included in Johnson's affidavit. In fact, only one of the four statutes even mentions the words "indecent exposure." We find it difficult to understand how Johnson could seriously argue that he did not know what act he was being charged with unless he exposed himself more than once that day. As a result, we hold that the affidavit charging Johnson with indecent exposure was sufficient.
¶ 14. We extend our holding to Johnson's other two affidavits as well. The reckless driving affidavit states that, on or about August 15, 2001, Johnson:
did then and there wilfully and unlawfully drive a motor vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property on or about Carter Road-Yazoo County Air Port by trying to run Gerald P. Frasier off the road against the peace and dignity of the state of Mississippi.
¶ 15. "Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving." Miss.Code Ann. § 63-3-1201 (Rev.1996). Again, the affidavit literally quotes the language of the statute.
¶ 16. Finally, the malicious mischief affidavit stated that, on or about August 15, 2001, Johnson "did then and there wilfully and unlawfully and maliciously distroy [sic] the sideview [sic] mirror of Gerald P. Frasier [sic] 1999 Chevrolet Blazer... against the peace and dignity of the state of Mississippi." The relevant statute states that "[e]very person who shall maliciously or mischievously destroy, disfigure, or injure, or cause to be destroyed, disfigured, or injured, any property of another, either real or personal, shall be guilty of malicious mischief." Miss.Code Ann. § 97-17-67(1) (Supp.2003).
¶ 17. All three affidavits quote the relevant language of the applicable statutes. In addition, as noted above, there is no requirement that the formal name or statutory section be listed. Smallwood, 584 So.2d at 738; King, 580 So.2d at 1185. As a result, we find all three of the affidavits in this case to be facially sufficient.
¶ 18. THIS APPEAL IS HEREBY DISMISSED FOR LACK OF JURISDICTION. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., THOMAS, LEE, IRVING, CHANDLER AND *1062 GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., NOT PARTICIPATING.
NOTES
[1] Johnson testified that a para motor is a type of ultra light aircraft. Frazier referred to the device as an electric parachute in his testimony.