MYERS, J.,
for the Court.
¶ 1. On June 17, 2003, John N. Withers was convicted by the Municipal Court of *1051 Pearl, Mississippi of speeding and driving under the influence (“DUI”), first offense. The municipal court ordered Withers to pay a fine of $104 for the speeding conviction, and for the conviction of DUI, first offense, Withers was ordered to serve forty-eight hours in jail, to attend the Mississippi Alcohol Safety Education Program (“MASEP”) and the Rankin County Victim Impact Panel at specified times, and to pay a fine of $1,184. From this judgment, Withers appealed to the County Court of Rankin County. On October 6, 2003, the county court conducted a de novo hearing and found Withers guilty of speeding and DUI, first offense. Also on October 6, 2003, the county court imposed a sentence that was identical to the sentence imposed by the municipal court. From this judgment, Withers appealed to the Circuit Court of Rankin County. On May 6, 2004, the circuit court affirmed the judgment of the county court.
¶ 2. Aggrieved by the judgment of the circuit court, Withers now appeals, raising the following single issue:
DID THE TRIAL COURT ERR IN SETTING WITHERS’S APPEAL BOND AT $5,000?
¶ 3. Finding this appeal to be procedurally barred, we dismiss Withers’s appeal.
FACTS
¶ 4. On May 20, 2003, Withers was arrested in the City of Pearl and charged with speeding and driving under the influence, first offense. He was traveling sixty-six miles per hour in a forty-five mile per hour zone, and his blood alcohol content registered as .110, well in excess of the legal limit of .08. Withers pled not guilty to the charges at the municipal court hearing, but the court ultimately found him guilty of speeding and driving under the influence, first offense. When Withers appealed the municipal court judgment, the court set his appeal bond at $500 for the speeding conviction and $1,000 for the DUI, first offense, conviction. He does not take issue with the appeal bond set by the municipal court, nor does he take issue with the facts underlying his conviction.
¶ 5. However, when he appealed the county court judgment, the court set his appeal bond at $1,000 for the speeding conviction and $5,000 for the DUI, first offense, conviction. It is this decision of the county court with which Withers ultimately takes issue.
LEGAL ANALYSIS
DID THE TRIAL COURT ERR IN SETTING WITHERS’S APPEAL BOND AT $5,000?
¶ 6. Withers argues that the amount of the appeal bond set by the county court violated Mississippi Code Annotated § 99-35-1 (Rev.2000) and § 99-35-3 (Rev.2000). He maintains that those sections set a limit of $1,000 on the amount of the appeal bond and that the county court’s setting his appeal bond at $5,000 violated § 99-35-1 and § 99-35-3. He argues further that the amount of the appeal bond violated his rights to procedural and substantive due process under the Fourteenth Amendment, in addition to violating his right to be free from excessive bail under the Eighth Amendment.
¶ 7. The City argues that § 99-35-1 and § 99-35-3 only apply to appeals from municipal court to county court, and that since the appeal bond in question involved an appeal from county court to circuit court, § 99-35-1 and § 99-35-3 are inapplicable. The City further argues that the county court’s appeal bond complied with Rule 12.03 of the Uniform Rules of County and Circuit Court. Finally, the City ar *1052 gues that there is simply no viable constitutional issue in this case.
DISCUSSION
¶ 8. We find Withers’s appeal to be procedurally barred. Thus, we decline to address Withers’s arguments on their merits, and we dismiss his appeal as procedurally barred. Mississippi Code Annotated § 11-51-81 (Rev.2002) reads in relevant part:
[T]here shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
The supreme court has discussed this provision at some length in several cases, including the case of Sumrall v. City of Jackson, 576 So.2d 1259 (Miss.1991).
In Sumrall, commenting upon § 11 — 51— 81, the supreme court declared:
[A] case originating in municipal court, appealed to county court and there tried de novo, and from county court appealed to circuit court and by that court affirmed, may not be appealed to the Supreme Court of Mississippi unless (1) a constitutional question is necessarily involved and (2) then only upon the allowance of an appeal by the circuit judge or by a judge of this Court. These two tickets, which must be tendered at our door, are jurisdictional requirements.
Id. at 1260. Thus, § 11-51-81 sets forth two, clear jurisdictional requirements that must be met before a party may appeal to the supreme court as a third level of appeal from a municipal or justice court judgment.
¶ 9. On May 12, 2004, Withers filed a motion for reconsideration of judgment or, in the alternative, to certify constitutional question. As part of that motion, Withers requested that the circuit court “enter an order certifying the constitutional issues present that Appellant may appeal said issues to the Mississippi Supreme Court.” On May 28, 2004, the circuit court denied this motion. Thus, the circuit court specifically refused to allow Withers to appeal by denying this motion.
¶ 10. Moreover, there is nothing in this Court’s file to indicate that Withers presented a request to the supreme court to allow this appeal, nor that any such a request was granted by a justice of the Mississippi Supreme Court. Therefore, based upon the record before us, we find that whether there were constitutional issues or not, neither the circuit court judge, nor any justice of the supreme court allowed this appeal. Because of the absence of the second jurisdictional requirement of § 11-51-81, Withers’s appeal is procedurally barred.
¶ 11. We also note that the Sumrall court urged attorneys to take care in appealing cases such as these. In light of the present appeal, we feel it worth repeating this admonition:
An invitation is extended to the bar to be aware of the dual statutory requirements governing cases appealed from justice and municipal courts to the Supreme Court of Mississippi. Such appeals are clearly not allowed by the statute or prior decisions of this court and well may be the subject of sanctions under our frivolous appeal rule. See Miss.Sup.Ct.R. 46(d).
Id. Thus, attorneys should be aware of the existence of § 11-51-81 and its require *1053 ments and should not bring appeals that clearly do not meet those requirements.
¶ 12. The Sumrall court also noted that, since the requirements of § 11-51-81 are jurisdictional, when an improper appeal is brought from circuit court, the proper course for this Court is to dismiss the appeal. Id. at 1261-62.
¶ 18. Therefore, we hereby dismiss Withers’s appeal as procedurally barred under Mississippi Code Annotated § 11-51-81.
¶ 14. THE APPEAL IS HEREBY DISMISSED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.