LEE, P.J., for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. In March 2002, Jeff Yates assaulted his estranged girlfriend, Jennifer Guthrie. Guthrie filed charges and, after a trial in the Jones County Justice Court, Yates was found guilty of simple assault. Yates was sentenced to six months in jail, with ninety days suspended and ninety days to serve. Although it is unclear from the record, Yates was apparently on parole at the time of the assault from a murder conviction which the supreme court affirmed in Yates v. State, 467 So.2d 884 (Miss.1984). After the assault charge was filed, Yates’s parole was revoked and he was placed in the custody of the Mississippi Department of Corrections.
¶ 2. Yates appealed his simple assault conviction to the County Court of Jones County. However, Yates failed to appear at the hearing and his appeal was dismissed on June 10, 2002. Yates filed a motion to reconsider, which was ultimately denied. Yates then appealed to the Jones County Circuit Court. After reviewing the record, the trial court found, on March 10, 2004, that the decision of the lower court should be affirmed. Yates again filed a motion for reconsideration of the court’s decision, but it was denied on April 13, 2004.
¶ 3. Aggrieved, Yates appealed to this Court asserting the following issues: (1) his due process and equal protection rights were violated; (2) he received ineffective assistance of counsel; (3) the prosecutor engaged in misconduct; and (4) certain evidence was inadmissible.
DISCUSSION
¶ 4. Yates’s appeal is governed by Mississippi Code Annotated Section 11-51-81 (Rev.2002), which states, in pertinent part, the following:
[Tjhere shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
See also Sumrall v. City of Jackson, 576 So.2d 1259 (Miss.1991). Upon review of the record, Yates has not followed the dictates of Section 11-51-81. There is no order by the circuit judge or a justice of the supreme court allowing Yates to appeal. The record does contain an order by the circuit court granting Yates in forma pauperis status for appeal; however, we do not consider that the functional equivalent of an order specifically allowing Yates to appeal. It is clear that the constitutional question should be raised in the request to appeal, thereby allowing the judge to determine whether the constitutional question is “necessarily involved” and merits an appeal. See Sumrall, 576 So.2d at 1261; Keeton v. State, 197 Miss. 11, 19 So.2d 477 (1944); Williams v. State, 160 Miss. 489, 135 So. 199 (1931); see also Davis v. City of Biloxi, 797 So.2d 1036, 1036(¶4) (Miss. Ct.App.2001) (“necessary formal allowance” by judge not accompanied by appeal rendered appeal defective).
*961 ¶ 5. As Yates has failed to necessarily comply with both requirements of Section 11-51-81, his appeal is proeedurally barred. The proper course for this Court is to dismiss Yates’s appeal. Sumrall, 576 So.2d at 1261-62.
¶ 6. THE APPEAL IS HEREBY DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.