LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Da Juan Williams was stopped by a police officer in Flora, Mississippi for a suspected window-tint violation. After smelling marijuana and seeing smoke in the car, the police officer searched the car and found a bag of marijuana under the hood. Williams was found guilty by the Municipal Court of Flora of possession of marijuana and driving under the influence (DUI). Williams appealed to the County Court of Madison County, which affirmed his convictions.
 

 ¶ 2. In a separate incident that occurred on a different date, Williams was charged with simple domestic violence against La-Toya Kidd. He was found guilty by the Municipal Court of Flora of simple domestic violence, and the County Court of Madison County subsequently affirmed his conviction.
 

 ¶ 8. Williams appealed his convictions of possession of marijuana, DUI, and simple domestic violence to the Circuit Court of Madison County.
 
 [1]
 
 The three causes were combined, and the circuit court affirmed all three convictions. Williams now appeals to this Court.'
 

 ¶ 4. Williams asserts the following issues on appeal regarding the possession of marijuana and DUI convictions: (1) his affidavit was materially flawed; (2) his motion to suppress was erroneously denied because his vehiclé was illegally searched; and (8) the verdict was against the overwhelming weight of the evidence. As to the simple domestic violence conviction, Williams asserts that the verdict was against the overwhelming weight of the evidence.
 

 ¶ 5. Finding that the proper procedure was not followed for an appeal to this Court, we dismiss this appeal for lack of jurisdiction.
 

 DISCUSSION
 

 ¶ 6. Since Williams’s cases originated in municipal court, Williams’s appeal is gov
 
 *877
 
 erned by Mississippi Code Annotated section 11-51-81 (Rev.2002). Section 11-51-81 states, in pertinent part, the following:
 

 [Tjhere shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
 

 “The presence of a constitutional question and the granting of an appeal by either the circuit judge or a judge of the [sjupreme [c]ourt are both necessary ingredients for a viable appeal to the [sjupreme [cjourt.”
 
 Johnson v. State,
 
 879 So.2d 1057, 1060(¶ 7) (Miss.Ct.App.2004) (quoting
 
 Davidson v. State,
 
 592 So.2d 1006, 1007 (Miss.1992)).
 

 ¶ 7. Williams’s case originated in municipal court, was tried de novo in county court, and was then appealed to circuit court. Williams’s appeal to this Court was not accompanied by the necessary formal allowance of either the circuit judge or a supreme court justice.
 
 Id.
 
 Therefore, we find that Williams’s appeal is defective and that we lack jurisdiction to hear this matter. This appeal is dismissed for lack of jurisdiction.
 

 ¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Williams filed one notice of appeal for all three cases to the trial court, and the trial court assigned the cases the following three cause numbers: 2007-0371-C (simple domestic violence), 2007-0372-C (DUI), and 2007-0373-C (possession of marijuana in a motor vehicle).