BARNES, J.,
 

 for the Court:
 

 ¶ 1. Jarret Nichols appeals his conviction of driving under the influence, first offense. The City of Madison, Mississippi, contends that this Court lacks jurisdiction. We agree and dismiss the appeal.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On March 7, 2008, Nichols entered a plea of nolo contendré with the Madison Municipal Court to the charges of driving under the influence, first offense, and careless driving. After a de novo trial in the County Court of Madison County, Nichols was found guilty of both charges, and a final judgment of conviction on the charges was entered on August 7, 2008. Nichols appealed the judgment to the Madison County Circuit Court, and on May 19, 2009, the circuit court affirmed his convictions. Nichols now appeals his conviction of driving under the influence, first offense, to this Court claiming that the City failed to meet its burden of evidence.
 

 ¶ 3. Mississippi Code Annotated section 11-51-81 (Rev.2002) states, in pertinent part, that:
 

 [Tjhere shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.
 

 Thus, in order for this type of appeal to the supreme court to be viable, “[t]he presence of a constitutional question and the granting of an appeal by either the circuit judge or a judge of the supreme court are both necessary ingredients.”
 
 Williams v. Town of Flora,
 
 13 So.3d 875, 877 (¶ 6) (Miss.Ct.App.2009) (quoting
 
 Johnson v. State,
 
 879 So.2d 1057, 1060 (¶ 7) (Miss.Ct.App.2004)).
 

 ¶ 4. Nichols’s case originated in municipal court, was tried de novo in county court, and affirmed by the circuit court. Therefore, under the statute, Nichols is not permitted a further appeal unless a constitutional issue is presented, and his appeal is specifically allowed by either the
 
 *572
 
 circuit judge or by “a judge of the supreme court.” We find no constitutional question present in the appeal, and Nichols has not submitted any to this Court allowing the case to proceed. Accordingly, Nichols’s appeal is dismissed as we lack jurisdiction to hear this matter.
 

 ¶ 5. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.