IRVING, J.,
for the Court:
¶ 1. FFE Transportation Services (FFE) and its insurance company, Liberty Mutual Insurance Company (Liberty Mutual), appeal the decision of the Mississippi Workers’ Compensation Commission (Commission), which affirmed the decision of the administrative judge (AJ), holding that the Commission had jurisdiction over Tim Brown’s workers’ compensation claim. FFE and Liberty Mutual raise one issue on appeal: whether Brown was regularly employed in the State of Mississippi to provide Mississippi with jurisdiction over his claim.
¶ 2. Finding that the Commission’s judgment was not a final decision on the merits, we dismiss this appeal due to lack of jurisdiction to address the merits of this case.
FACTS AND PROCEDURAL HISTORY
¶ 3. On January 25, 2010, Brown sustained an injury to his lower back while unloading cargo from a tractor-trailer rig in Metairie, Louisiana. At the time of the injury, Brown was employed as a commercial driver for FFE, an over-the-road shipping company based in Dallas, Texas. In that capacity, Brown was required to travel all over the country to pick up and deliver cargo. It was undisputed that Brown was a resident of Hancock County, Mississippi, and he was hired by FFE in the State of Texas.
¶ 4. On February 10, 2010, Brown filed a petition to controvert with the Commission. On February 26, 2010, FFE and Liberty Mutual, filed an answer, asserting that the Commission did not have jurisdiction to hear the claim because Brown’s injury had occurred in Louisiana, he was hired and employed in Texas, and he was not regularly employed in Mississippi.
¶ 5. On October 20, 2010, a hearing was held before the AJ. On December 21, 2010, the AJ entered an order finding that Brown was hired in Texas, but that the Commission had jurisdiction to hear the matter because Brown was regularly employed within the State of Mississippi. FFE and Liberty Mutual appealed to the Commission, which affirmed the AJ’s decision. FFE and Liberty Mutual now appeal the decision of the Commission.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Although not raised by either party, we must address whether this Court has jurisdiction to rule on the merits of this appeal. “[A]n appeal may not be taken unless the Commission’s order is final.” Superior Mfg. Grp., Inc. v. Crabtree, 62 So.3d 992, 995 (¶ 11) (Miss.Ct.App.2011) (citation omitted). If the order is not final, it is considered interlocutory. See Cunningham Enters., Inc. v. Vowell, 937 So.2d 32, 33-34 (¶¶ 2-3) (Miss.Ct.App.2006). The Mississippi Supreme Court has stated that “an order is interlocutory when the substantial rights of the parties involved in the action remain undetermined!)]” Bullock v. AIU Ins. Co., 995 So.2d 717, 723 (¶ 20) (Miss.2008) (citations and internal quotation marks omitted).
¶ 7. Here, the AJ merely determined that a Mississippi tribunal had authority to hear this case. The issues regarding compensation and the extent and nature of Brown’s disability have not been resolved. Therefore, the Commission’s order is not a final order, and we must dismiss this appeal for lack of jurisdiction.
¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
*87 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.